Name: William Henry Palma

Address: 21802 Calabaza

Mission Viejo, CA

Phone: (714) 751-7111

Email: HenryCode@icloud.com

*In Pro Per*

| | FILED |
|---|---|
| | CLERK, U.S. DISTRICT COURT |
| | SEPT 27, 2024 |
| | CENTRAL DISTRICT OF CALIFORNIA |
| | BY ___PD___ DEPUTY |
| | DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM |

## IPF SUBMITTED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Henry Palma | CASE NUMBER: 8:24-cv-02116 JGB (SP) |
| Plaintiff | To be supplied by the Clerk of The United States District Court |
| v. | |
| City of Mission Viejo, Orange County Sheriff's Department (OCSD), et al, | **COMPLAINT** |
| Defendant(s). | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Plaintiff WILLIAM HENRY PALMA, in *pro se*, has filed a Complaint in the UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, County of Orange, in civil case for civil rights violations, defamation, professional negligence, duress, violations of due process and failure to provide equal protection. The Plaintiff seeks remedies based on harm caused by the Defendants, including the Orange County Sheriff's Department (OCSD), the City of Mission Viejo, and multiple John Does, whose actions and failures have resulted in significant damage to the Plaintiff's personal and professional life. The claims within the complaint arise from a series of events in which the Plaintiff's rights were violated on 09/21/2023 for 415(1) PC, (Disturbing the peace; fighting), leading to emotional and financial harm. Even though it was the Plaintiff who called 911 twice for assistance. This is not the last event of violation the Defendants have violations are a pattern stemming years prior to this

this incident and some afterwards. This includes the failure of law enforcement to act appropriately, acts of defamation, professional negligence by various entities, systemic failures, and violations of due process. It also involves individuals listen on the Complaint which the OCSD fails to disclose even when seeking a restraining order for protection this deprived the Plaintiff of equal protection under the law and due process.

<strong>RELIEF SOUGHT:</strong>

The Plaintiff seeks monetary damages for economic and non-economic harm suffered, including medical expenses, emotional distress, and lost wages. Additionally, Plaintiff seeks punitive damages to address the willful and malicious conduct of the Defendants, ensuring the protection of public safety and preventing future harm. Injunctive relief compelling the City of Mission Viejo and OCSD to address public safety violations and cease retaliatory actions. These damages are sought pursuant to California Civil Code § 3294, which allows for punitive damages in cases of oppression, fraud, or malice, particularly in the context of violations of constitutional rights and failure to provide equal protection. The Plaintiff, William Henry Palma, brings this civil complaint against the Orange County Sheriff's Department (OCSD), the City of Mission Viejo, and unnamed individual DOES 1-10, asserting violations of his First Amendment rights, Fourteenth Amendment rights, and due process. The Plaintiff alleges that the Defendants and their agents engaged in unlawful acts, including false arrest, negligence, and failing to protect his constitutional rights. The Plaintiff seeks damages for the emotional and financial harm caused by the Defendants' conduct and a declaratory judgment affirming that Defendants violated Plaintiff's constitutional rights.

<u>**PARTIES**</u>

**Plaintiff:**

William Henry Palma, a resident of Mission Viejo, California.

**Defendants:**

Orange County Sheriff's Department (OCSD)-- Law enforcement agency responsible for public safety in Mission Viejo.

Captain Christopher J. McDonald

Arresting Deputy: Ryan James Hansen #10287

James Robert Walker #11285

B. Kurka A. #2880

Luke Schnekenburger

OCSD failed to return records, causing delay and impedance of progress.

City of Mission Viejo-- The local government entity responsible for enforcing city ordinances and public safety.

**DOES 1-10**-- Individuals currently unidentified who are involved in the violations of the Plaintiff's constitutional rights, including the individuals who physically assaulted the Plaintiff and those involved in his wrongful arrest or defamation by lying to OCSD.

**John Doe 1 and John Doe 2:** The two individuals who physically assaulted the Plaintiff during his preaching in the park.

**John Doe 3:** The individual who made criminal threats toward the Plaintiff, attempting to incite violence. "We don't Like Mexicans around here."

**Jane Doe 1:** The woman who called the police under false pretenses, alleging that the Plaintiff's lawful speech constituted a violation, knowing it was protected speech under the First Amendment. This individual had an ongoing dispute because she was asked to leash her dog. "You're in my House, I been here 35 years"

OCSD Continues to decline the release of these individuals information for Civil and for restraining orders placing the already attacked Plaintiff and his already assaulted girlfriend in further danger another equal protection violation. Plaintiff is also in pro se in the aforementioned Criminal case— where OCSD has declined discovery to date.

**John Doe 4 and John Doe 5:** Supervisors for OCSD failing to provide equal protection per governmental policy.

**John Doe 6:** OCSD Jail failed to allow Plaintiff, "be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours after his or her arrest," (Pen. Code, § 825)

Factual Allegations

The Plaintiff, William Henry Palma Jr., brings forth a civil claim asserting violations of his First Amendment. On or about September 21, 2024, the Plaintiff was preaching in a public park

without the use of amplification, adhering to the local sound ordinance and park operating hours. The Plaintiff was physically assaulted by two individuals (John Doe 1 and John Doe 2) who sought to silence him. For preaching "All Glory to God, God is Great, Devil I rebuke you in the name of Jesus Christ", it should be noted this was not specifically directed at absolutely anyone. Despite making multiple 911 calls seeking assistance, the OCSD failed to act against the aggressors, choosing instead to arrest the Plaintiff on false charges, violating his First Amendment and Fourteenth Amendment rights.

This situation arose just one day after a small claims case presided over by Commissioner Patrick Dirk Flannery, which involved threats and hate speech directed at the Plaintiff by neighbors. Despite clear evidence of hate speech and threats on multiple videos, the court ruled that such speech was essentially protected. The Plaintiff draws a parallel between that ruling and the actions taken against him in the park. This small claims matter reached the Supreme Court. John Doe 3 further contributed to the hostile environment by making criminal threats toward the Plaintiff. Additionally, Jane Doe 1 called the police to falsely report the Plaintiff's lawful preaching as illegal activity, resulting in Plaintiff's wrongful arrest. "We are getting too many calls." -OCSD

Plaintiff notified Mission Viejo City officials multiple times about ongoing violations, including the habitual violation of leash laws, which posed significant public safety risks. Despite these warnings, the City failed to take action, exacerbating the situation.

The Plaintiff was regularly harassed due to his efforts to ensure compliance with local ordinances, culminating in threats of violence, flat tires, and other forms of harassment that were ignored by local authorities. These harassments would escalate to hate speech and violence.

The prior case, though elevated to the appellate courts, had consistently ruled that even offensive speech is protected under the First Amendment, a principle that is reinforced in *Snyder v. Phelps*, 562 U.S. 443 (2011), where the U.S. Supreme Court held that public speech on matters of public concern, even if it inflicts emotional distress, is protected. Further, the Plaintiff cites *United States v. Grace*, 461 U.S. 171 (1983), affirming that public sidewalks and parks are traditional public forums where the government's ability to regulate speech is limited to content-neutral restrictions.

Plaintiff cites a systemic pattern of harassment supported by the landlord's testimony regarding prior racial harassment incidents towards other tenants, which were disregarded by the OCSD and the City. Statements like "Go ahead, call the police, they'll probably arrest you" or "We don't Like Mexicans around here." or "Go back to where you came from", highlight the racial bias in law enforcement responses. When called to resolve neighbor disputes, the OCSD exhibits discriminatory behavior towards the Plaintiff, where race appears to be a determining factor, as officers frequently attempt to arrest the Plaintiff, a pattern not observed with his counterparts. This context strengthens the claim under the Fourteenth Amendment's Equal Protection Clause, aligned with *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), which ruled that racially discriminatory actions by local officials violate equal protection.

Furthermore, *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), directly supports this argument, as it held that even if a law is neutral on its face, its discriminatory application violates the Equal Protection Clause. In that case, a seemingly neutral regulation was applied disproportionately against Chinese laundry operators. The discriminatory enforcement of law enforcement responses in this instance parallels the Plaintiff's claims of racial bias by the OCSD. This precedent, combined with the landlord's testimony, provides strong grounds for an equal protection violation claim.

*People v. Winters*, 171 Cal. App. Supp. 2d 876 (1959), involved a criminal contempt case where the appellant argued the application of discriminatory enforcement of laws. The court found that selective enforcement of the law based on race or any discriminatory intent is a violation of the Equal Protection Clause. This case emphasizes that any state actor, including law enforcement, is prohibited from engaging in biased application of the law based on race, even if the law itself appears neutral.

In the current argument, *People v. Winters* supports the plaintiff's claim that the OCSD's pattern of discriminatory treatment constitutes a violation of the Fourteenth Amendment's Equal Protection Clause. The evidence of selective enforcement and bias towards the Plaintiff based on race strengthens the foundation of this claim, in line with both Winters and *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). These cases collectively demonstrate that discriminatory application of laws, even when facially neutral, violates equal

protection rights.

Based on the facts and applicable law, Plaintiff requests relief for the violation of his constitutional rights, particularly under the First and Fourteenth Amendments.

The Plaintiff, William Henry Palma, further alleges that he had previously notified the City of Mission Viejo, including the City Clerk, City Attorney, and other officials, of ongoing issues at a public park. In his communications, Plaintiff highlighted the City's gross negligence in managing the park, particularly concerning habitual violations of leash laws by dog owners, which posed a serious threat to public safety. Plaintiff expressed concerns about the risk of toddler maulings, car accidents caused by unleashed dogs, and the increasing number of dog bites and attacks in 2023, some leading to fatalities or disfigurements (number of dog bite and related injury claims was 19,062, an increase of more than 8% from 2022 and a 110% increase over the past decade, with the total cost of claims at $1.12 billion- Triple-I). Despite numerous complaints, the City failed to take corrective actions, contributing to the dangerous environment.

Plaintiff also cited a secondary nuisance involving skateboarding activities that violated city ordinances. This disturbance caused significant distress to nearby tenants, leading to threats and hate speech against the Plaintiff when he sought compliance with the laws. Plaintiff experienced repeated harassment over the years, with the City and law enforcement failing to address these ongoing violations. After his girlfriend was physically assaulted, the Plaintiff sought recourse by filing a small claims case, exercising his civil rights. However, instead of addressing the issues, the City of Mission Viejo and the Orange County Sheriff's Department retaliated, constituting another violation of the Plaintiff's rights.

The Plaintiff's claims regarding the City's negligence align with S*an Diego Gas & Electric Co. v. Superior Court* (1996), which held that liability for nuisance can be established when the interference with the use and enjoyment of land is substantial and unreasonable. Additionally, CACI 2021 outlines the essential elements of a private nuisance, emphasizing that any activity substantially interfering with the enjoyment of property can be considered a nuisance. The Plaintiff also draws parallels to the ongoing legal battles over public nuisances, such as *County of Sacramento v. City of Sacramento* (2023), where the District Attorney sued the City for its failure to address the

homelessness crisis, creating dangerous conditions on public property, similar to the Plaintiff's situation in Mission Viejo.

Based on the aforementioned facts and applicable case law, the Plaintiff seeks damages and corrective measures for the City's ongoing negligence and the retaliatory actions taken by law enforcement, which violated his civil rights.

The Plaintiff further asserts that his decision to move to the area was primarily driven by his desire to enjoy the public park, where he regularly engaged in physical activity such as filming, running, and shadow boxing, sometimes twice daily, without issue. The Plaintiff's residence is the closest house to the Park, thus ignoring the nuisances cited for years is another equal rights protection violation. This exercise was a crucial component of managing his chronic pain condition. However, due to escalating conflicts over violations of leash laws and the City's failure to enforce these regulations, the Plaintiff was effectively forced out of the park.

The Plaintiff alleges that after repeated complaints, a deputy from the Orange County Sheriff's Department (OCSD) questioned why he did not simply exercise in his backyard, suggesting indifference to the Plaintiff's right to use the public park. This response compounded the emotional distress caused by his traumatic history with dog attacks as a child, which heightened his vigilance around animals. The City's negligence in addressing leash law violations, along with physical assaults, threats of violence, and hate speech from individuals in the park, exacerbated the Plaintiff's emotional and physical distress putting him in duress. The Plaintiff also experienced vandalism, including flat tires, contributing to his claims of a failure by the OCSD and the City to provide equal protection. Landlord believes a .22 caliber bullet was shot left a hole in a window facing the park from previous tenant harassments.

This failure to enforce the law and protect the Plaintiff from repeated harassment violates the Equal Protection Clause of the Fourteenth Amendment, as established in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), where discriminatory patterns by local authorities were deemed unconstitutional. Additionally, *Owen v. Independence*, 445 US 622 - Supreme Court 1980, supports claims against municipalities for systemic failures leading to civil rights violations. The City's inaction, coupled with the OCSD's failure to intervene,

creates a pattern of negligence that directly contributed to the Plaintiff's emotional and physical harm. Plaintiff no longer uses the park due to fear of another attack like the two men who assaulted him, the dogs, and to avoid harassment by neighbors who intimidated him out.

"Because the question of the scope of a municipality's immunity from liability under § 1983 is essentially one of statutory construction, see *Wood v. Strickland*, 420 U. S. 308, 314, 316 (1975); *Tenney v. Brandhove*, 341 U. S. 367, 376 (1951), the starting point in our analysis must be the language of the statute itself. *Andrus v. Allard*, 444 U. S. 51, 56 (1979); *Blue Chip Stamps v. Manor Drug Stores*, 421 U. S. 723, 756 (1975) (POWELL, J., concurring). By its terms, § 1983 "creates a species of tort liability that on its face admits of no immunities." *Imbler v. Pachtman*, 424 U. S. 409, 417 (1976). Its language is absolute and unqualified; no mention is made of any privileges, immunities, or defenses that may be asserted. Rather, the Act imposes liability upon "every person" who, under color of state law or custom, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."[16] And Monell held that these words were intended to encompass municipal corporations as well as natural "persons." *Id.*

Other Supporting authorities:

"Indeed, any other conclusion would be inconsistent with the principles underlying § 1983. To be sure, "official policy" often refers to formal rules or understandings — often but not always committed to writing — that are intended to, and do, establish fixed plans of action to be followed under similar circumstances" (*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986))

*Rendon v. Fresno Police Dept.*, 36 Cal.App.5th 530 (2019)

'Cal. Civ. Code § 52 sets forth a damages remedy for civil rights violations under California Law. Koebke v. Bernardo Heights Country Club, 36 Cal. 4th 824, 836 (Cal. 2004). Cal. Civ. Code § 52.1 (a) provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of the constitutional or statutory rights of an individual or individuals, a civil action may be brought for equitable or injunctive relief. *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 841 (Cal. 2004). Cal. Civ. Code § 52.1(b) allows any individual so interfered with to sue for damages. Id. Cal. Civ. Code § 52.1(g) states that an action brought under

§ 52.1 is independent of any other action, remedy or procedure and may be available to an aggrieved individual under any other provision of law. Id.'

California Tort Claims Act

Plaintiff's failure to meet the six-month claim filing deadline under Government Code § 911.2 should be excused due to extraordinary circumstances, including significant physical and monetary hardship, and relevant tolling statutes. Plaintiff is self represented in both the Criminal and Civil aspects of these events and has absolutely no funds to invoke counsel.

Plaintiff faced substantial barriers in obtaining discovery from key entities such as the Orange County Sheriff's Department (OCSD) and the City of Mission Viejo, both of which withheld critical information, including the identities of individuals involved in the calls that led to the Plaintiff's wrongful arrest. Despite diligent efforts, Plaintiff could not access the necessary information to file the claim in a timely manner. Government Code § 911.4 allows for relief from the claim-filing deadline when a claimant is unable to meet the deadline due to mistake, inadvertence, surprise, or excusable neglect, all of which are present here.

Furthermore, Plaintiff's ongoing medical condition, which has been documented since December 2023, severely limited his physical ability to pursue the claim. A doctor's note restricted Plaintiff to no more than one hour of sitting per day, significantly impeding the ability to prepare and file legal documents. The Plaintiff's medical condition qualifies as a disability under the Americans with Disabilities Act (ADA), which requires reasonable accommodations in legal proceedings. Plaintiff has sought assistance from the court's ADA department and has cited the disability in both civil and criminal case filings. Additionally, the Plaintiff's college has recognized this condition by providing ADA accommodations, underscoring its severity and unpredictability, which can leave Plaintiff bedridden for extended periods (months).

California law provides tolling provisions for individuals under disability. Under Government Code § 945.6(b) and California Code of Civil Procedure § 352(a), the statute of limitations may be tolled for the duration of a disability that prevents the claimant from filing. Given Plaintiff's medical condition and the procedural hurdles faced in obtaining discovery, these tolling provisions should apply, allowing Plaintiff additional time to file.

COMPLAINT

Moreover, the Plaintiff notified the City of Mission Viejo and OCSD through a litigation hold and grievance letter, expressing the intent to sue on Notice of Litigation Hold on December 13, 2023 (*see* Ex. A). Shortly before the Plaintiff's health had began to decline getting very bad. Up on Court request copies of confidential records already filed in multiple cases seeking assistance can be sealed and filed. OCSD responded only after follow up emails stating they had passed the 10 grace period by statutes. "The Sheriff declines to disclose to you the record(s) responsive to your request because the record(s) is exempt from public disclosure under the Public Records Act. The record(s) itself is a law enforcement investigatory record(s) that is categorically exempt from disclosure pursuant to Government Code section 7923.600. "-OCSD (*see* Ex. B)

This should be considered substantial compliance under Government Code § 911.2, as it provided notice to the public entities involved of the potential litigation.

In conclusion, Plaintiff's inability to meet the six-month deadline is justified due to physical and financial hardship, disability under ADA, and the wrongful withholding of key discovery by OCSD and the City of Mission Viejo. Tolling statutes under Government Code § 945.6(b) and Code of Civil Procedure § 352(a), in conjunction with substantial compliance through the litigation hold and grievance, support extending the deadline for Plaintiff to file his claim. The Plaintiff may be in a sense disabled and slower but this doesn't trump his civil rights, in fact it adds extra protections. The Defendants and government agencies notified for help, all delayed discovery or records, this is a common tactic as many end up missing deadlines as they fail to get back to the case due to key elements withheld by government agencies.

**Factual Attempts:**

**April 29, 2023** NOTICE OF ATTEMPT TO RESOLVE GRIEVANCE PRIOR TO FILING COMPLAINT AND AUTHORITIES (*see* Ex. C) as stated Plaintiff has been in the state of duress for years. Defendant Attorney WILLIAM P. CURLEY III replied to send it to the Clerk though it was sent to the Clerk. He replied with monetary threats, claiming he would counter sue, failed to address the issues accordingly. (*see* Ex. D)

**May 7, 2023** NOTICE OF RECORDS REQUEST AND RECORDS REOUEST (*see* Ex. E)

**May 10, 2023** Public Records Request (*see* Ex. F)

**September 20, 2023** Day prior to arrest. Email cites an attack due to Jesus, and "Cops came out today made some mistakes on video, though relatively respectful. The "Public nuisance" and "Equal Protection ", and "negligence" continues. There's new footage of a kid getting mauled by a relatively small dog. I'd like to use the Park without fear of being bit. Let this be another notice."

**September 25, 2023** Plaintiff makes first records request 3 days after arrest. OCSD fails to respond within the 10 day grace period pursuant statute California Government Code § 6253(c). Fails to notice, Id. Plaintiff begins to call. It should be noted Plaintiff was also trying to file charges on the John Doe1 and 2 with OCDA. Sending videos and demanding the report that James Robert Walker #11285 failed to file. (*see* Ex. G)

**October 8, 2023** Attorney General Rob Bonta CA DOJ, is notified of the gross pattern of abuse by OCSD. Through victims unit.

**October 16, 2023** Attorney General Rob Bonta CA DOJ, responds, encapsulating ways to take action for each violation. (*see* Ex. H)

**October 12, 2023** Luke Schnekenburger responds declining, with the default letter. REQUEST AUTHORIZATION FORM RELEASE OF CASE INFORMATION . "The Sheriff declines to disclose to you the record(s) responsive to your request because the record(s) is exempt from public disclosure under the Public Records Act. The record(s) itself is a law enforcement investigatory record(s) that is categorically exempt from disclosure pursuant to Government Code section 7923.600." (*see* Ex. B)

**October 25, 2023** Plaintiff makes records request "Call Detailed Information reports", on separate incidents where Plaintiff requested a charge to be filed. Luke Schnekenburger responds with previous declining default letter. Though matters we're all part of the open case. Decline 3.

**October 31 2023** United States Department of Justice Civil Rights Division is notified of the OCSD actions. In three reports.  365756-PTK, 365763-JPH and 365761-VFN. (*see* Ex. I)

**December Plaintiff begins to be less able bodied.**

**December 13, 2023** Litigation Hold Notice emailed by plaintiff seeking discovery and hold. "This notice is to inform you that WILLIAM HENRY PALMA, anticipates litigation relating to the negligence of equal protection and the violation of Freedom OF Religion and Free Speech

---

**COMPLAINT**

pursuant to the first Amendment of the Constitution of the United States of America. These inherent rights also provided by the Constitution of the State of California. Given this, you are required to retain and preserve all documents, correspondence, and electronically stored information " During these request OCDA is also getting request for all discovery though no case is officially on calendar.

**December 20, 2024** email, OCSD fails to respond within the 10 day grace period pursuant statute California Government Code § 6253(c). Plaintiff sends email. On other request. Luke Schnekenburger responds with previous declining default letter. 4th violation. December 21, 2024.

**December** United States Department of Justice Civil Rights Division returns physical letter. Advises that there is a violation and to notify the Federal Bureau of Investigation (FBI) at (310) 477-6565.

**December 28, 2024** Federal Bureau of Investigation (FBI)

FBI Operator ID: 9958 Call was disconnected-- when asking to record, though the FBI states it records for all purposes. 3:30 pm. Operator 2 : Refuses to give Operator ID: 9979

Report Electronically: FBI.gov/online- tip She ask date of birth. Confirms telephone. Confirms address. On hold——I Ask if I can FOIA this recording. She ASKED if she is being, recorded again, I tell her no. Then asked where can I FOIA that recording. (540-868-1535 - www.fbi.gov/FOIA.) Operator failed to allow full dissemination of facts and eventually cut the call. I will file the Complaint in Writing. Never got round to it. Another example on how agencies discourage, cause impedance that causes irreparable harm to a case.

## Equitable Tolling

Plaintiff believes that as a form of coercion OCDA files charges after the Litigation Hold Notice, FBI notice, CA DOJ notice, US DOJ notice, and the constant calls and emails for discovery and reports. The Plaintiff is already at a disadvantage handling multiple cases as a *pro per*, consider that he's limited to sitting 1hr at a time by doctor's note to date. These tactics are only meant to delay and discourage Civil litigation.

A litigant qualifies for equitable tolling only if they establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

timely filing." *Id.* at 363, citing *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). Plaintiff's extreme hardship, medical condition, impedance to discovery, and errors committed in good faith-- create extraordinary circumstances.

In seeking equitable tolling to extend legal deadlines for your ongoing civil rights case, we can draw upon established precedents where the U.S. Supreme Court has supported the application of equitable tolling under circumstances that involve extraordinary situations beyond the plaintiff's control. This approach is rooted in ensuring that justice is served through the flexibility of the legal system to accommodate unforeseen or unavoidable delays.

For instance, in *Young v. United States*, 535 U.S. 43 (2002), the Supreme Court applied equitable tolling in bankruptcy court, illustrating that non-jurisdictional procedural time bars can be extended in extraordinary circumstances. This precedent supports the notion that if a plaintiff encounters exceptional circumstances that prevent them from meeting standard deadlines, such as severe health issues or legal errors, these can constitute valid reasons for tolling.

Furthermore, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015), underscores that deadlines for presenting claims to federal agencies are subject to equitable tolling. This case reaffirms that when procedural deadlines prevent a plaintiff from pursuing a legitimate claim due to extraordinary circumstances beyond their control, equitable tolling can be invoked to ensure that substantive justice is not thwarted by rigid procedural rules.

## Causes of Action

**First Cause of Action:** Violation of First Amendment Rights Plaintiff alleges that Defendants violated his right to free speech by arresting him and failing to protect him from harassment and assault in a public park, a traditional public forum. (42 U.S.C. § 1983)

**Second Cause of Action:** Defamation Plaintiff was falsely accused and his reputation damaged by the wrongful actions of the Defendants. Despite multiple efforts to address these claims, they were left unresolved, causing harm to the Plaintiff's personal and professional reputation. Defendants, including Jane Doe 1, made false statements to law enforcement, leading to Plaintiff's false arrest and damage to his reputation online and by using the OCSD as a tool of coercion. Another Doe who called police was stating "Plaintiff had mental issues", over, and over.

**Third Cause of Action:** Professional Negligence Plaintiff asserts that Defendants failed in their professional duty to uphold the law and protect the rights of individuals under their jurisdiction. Their failure to act in accordance with established legal standards directly harmed the Plaintiff.

**Fourth Cause of Action:** Duress Plaintiff and girlfriend was subjected to intimidation, physical assault, and coercion by individuals in the park, resulting in his forced exit from the area. Defendants failed to intervene, contributing to the duress experienced by Plaintiff.

**Fifth Cause of Action:** Failure to Provide Equal Protection Defendants violated Plaintiff's right to equal protection by selectively enforcing laws and failing to protect him from racially motivated harassment, despite Plaintiff's numerous complaints and the obvious discriminatory behavior of the aggressors. (42 U.S.C. § 1983)

**Sixth Cause of Action:** Neglect of Due Process Plaintiff alleges that after his wrongful arrest, he was denied his right to appear before a magistrate within the legally mandated timeframe, in violation of California Penal Code § 825 and his constitutional right to due process under the Fourteenth Amendment. (42 U.S.C. § 1983, California Penal Code § 825)

**Seventh Cause of Action:** Failure to provide records according to California Government Code § 6253(c).

Last Communication with the City Attorney for the City of Mission Viejo. "If you're going to sue, please do so, and then at least we can have a process to follow rather than your random and odd messaging." - William Curley (Bar No. 125816).

Plaintiff sincerely believes that if he wasn't an American of Mexican decent (Latino, Hispanic) that his inherent rights bestowed by the by the CONSTITUTION OF THE UNITED STATES OF AMERICA would have been respected and not violated.

DATED:  September 27, 2024          Respectfully Submitted,

By: WILLIAM HENRY PALMA

*In Propria Persona*

---

**COMPLAINT**

Name: William Henry Palma

Address: 21802 Calabaza

Mission Viejo, CA

Phone: (714) 751-7111

Email: HenryCode@icloud.com

In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Henry Palma | CASE NUMBER: |
| Plaintiff | To be supplied by the Clerk of The United States District Court |
| v. | **DECLARATION OF** |
| City of Mission Viejo, Orange County Sheriff's Department (OCSD), et al, | **WILLIAM HENRY PALMA** |
| Defendant(s). | **IN SUPPORT OF COMPLAINT** |

I, **WILLIAM HENRY PALMA**, declare:

1. I am the Plaintiff in Propria Persona in this case. I have personal knowledge of the facts, and if called as a witness, I am competent to testify to these things.

2. I have construed the Local Rules of the Superior Court of Orange County, the California Rules of Court, Code of Civil Procedure of California and US Law within my aptitude. Though in "hardship" and physically limited, in good faith I have executed this COMPLAINT.

I declare under penalty of perjury under the laws of the State of California that the foregoing is construed within my aptitude, and based on the available facts. I state that all documents have been prepared by the Plaintiff without the consultation of any other person or legal entity.

DATED: September 27, 2024          Respectfully Submitted,

By: WILLIAM HENRY PALMA

*In Propria Persona*

---

**DECLARATION OF IN SUPPORT OF COMPLAINT**

INDEX OF EXHIBITS

A. Notice of Litigation Hold OCSD ................................................................ 2 page

B. REQUEST AUTHORIZATION FORM RELEASE OF CASE INFORMATION ........ 2 pages

C. NOTICE OF ATTEMPT TO RESOLVE GRIEVANCE PRIOR TO FILING

COMPLAINT AND AUTHORITIES .................................................... 4 pages

D. Defendant Attorney WILLIAM P. CURLEY III reply to Complaint .............................. 2 page

E. NOTICE OF RECORDS REQUEST AND RECORDS REOUEST ................................ 4 page

F. RECORDS REOUEST IN FORM ................................................ 6 page

G. OCSD RECORDS REOUEST ................................................ 1 page

H. Attorney General Rob Bonta CA DOJ Letter ...................................... 2 page

I. United States Department of Justice Civil Rights Division ................................ 12 page

J. OCSD notice that no report was put on record by James Robert Walker #11285 ......... 2 pages

A. Notice of Litigation Hold OCSD ................................................................................ 2 page

# EXHIBIT A

From: **William Palma** henrycode@icloud.com
Subject: Notice of Litigation Hold
Date: December 13, 2023 at 1:37 AM
To: Prarequests prarequests@ocsd.org, Prarequests Prarequests@ocsheriff.gov, Report Request reportrequest@ocsd.org, Report Request reportrequest@ocsheriff.gov

This is a request a second request for all notes, videos, reports, dispatch calls and logs, 911 calls, list of all officers on scene, Names of Witnesses, ALL THINGS related to the arrest of WILLIAM HENRY PALMA at Crucero Park in MIssion Viejo, California. Case No 23-035207 on 9/21/2023. Other records requested and not provided by the Orange County Sheriff's Department in other emails and other incidents are also to follow the Litigation hold demands below.

Litigation Hold Notice:
12/13/2023
Records Division
Orange County Sheriff's Department

This notice is to inform you that WILLIAM HENRY PALMA Jr., anticipates litigation relating to the negligence of equal protection and the violation of Freedom OF Religion and Free Speech pursuant to the first Amendment of the Constitution of the United States of America. These inherent rights also provided by the Constitution of the State of California. Given this, you are required to retain and preserve all documents, correspondence, and electronically stored information (ESI), including emails, records, and data that pertain to the incident that took place September 21, 2023 in the City of MIssion Viejo at Crucero Park. Effective immediately, you must not destroy, alter, or modify any relevant information, intentionally or unintentionally, until further notice. This includes halting any routine document destruction or data deletion procedures that may pertain to the relevant information. The types of materials that must be preserved include, but are not limited to, the following:
- Video and Audio recordings
- Police Reports
- ALL Deputies on Scene, Specifically the Supervisor
- Names Of Witnesses, Specifically the two men who jumped William Palma
- 911 Calls (by William Palma and other parties)
- Dispatch Communication
- Electronic communications (e.g., emails, instant messages, text messages).
- Word processing documents. - Spreadsheets and financial records.
- Calendars and appointment books.
- Databases and their contents.

- Computer logs and usage files.
- Notes
- Backup tapes and disaster recovery files.

Please acknowledge receipt of this notice and confirm your understanding and compliance with the preservation requirements by signing and returning a copy of this letter. Regardless you have been notified. If you have any questions regarding this legal hold or if you need assistance in complying with the document preservation, please contact WILLIAM HENRY PALMA Jr. Thank you for your immediate attention to this matter.

Federal law requires the early preservation of potentially relevant evidence. In Napster, Inc. Copyright Litig. it was found that "a litigate is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." In re Napster, Inc. Copyright Litig. 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). Six years later, in Apple Inc. v. Samsung Electronics, the Court bluntly defined the timing when preservation attached as "from the moment that litigation is reasonably anticipated." Apple Inc. v. Samsung Electronics Co., Ltd., 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012). Once litigation is anticipated, a party "must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." Zubulake v. UBS Warburg, 2020 FRD 212, 218 (S.D.N.Y. 2003).

Sincerely,
WILLIAM HENRY PALMA
(714) 751-7111

B. REQUEST AUTHORIZATION FORM RELEASE OF CASE INFORMATION .............. 2 pages

# EXHIBIT B



# ORANGE COUNTY
# SHERIFF'S DEPARTMENT

SHERIFF-CORONER DON BARNES

## REQUEST AUTHORIZATION FORM
## RELEASE OF CASE INFORMATION

**NAME** Henry Palma

**ADDRESS**

**CITY** _____ **STATE** CA **ZIP** _____

**DATE** 12/13/2023

**CASE #** 23-035207

**CONTACT PHONE** _____

**YOUR INVOLVEMENT** Suspect

(ex: victim, witness, suspect, attorney for , insurance for)

**REQUESTOR'S SIGNATURE** See attachment

---

**BELOW SECTION TO BE COMPLETED BY ORANGE COUNTY SHERIFF PERSONNEL**

**RECORDS SIGNATURE** guerreroe

**FEE $** 0.00        **CHECK #** _____        **RECEIPT #** _____

**REQUEST**   ☐ **Approved**      ☐ **Approved / Redacted**      ☑ **Denied**   *See page 2*

*Document(s) released:*

☐ **Incident Report**

☐ **Supplement**

☐ **Follow Up**

☐ **Clearance Report**

☐ **Traffic Accident**

☐ **Case Close**

☐ **Body Worn Camara (BWC)**

☐ **Dispatch/911**

☐ **Police Video System (PVS)**

☐ **CHP 180**

☐ **CAD Report**   ☐ **Damage - C .Vehicle**

☐ **Other**

☐ **Fees returned** _____ 0.00 _____

☐ **Released pursuant to Family Code Section 6228**

☐ **Released pursuant to Welfare and Institutions Code section 827 and Juvenile Court Administrative Order No. 12/003-903 "Exchange of Information".**

☐ **Released pursuant to Vehicle Code section 20012**

☐ **Released pursuant to Court Authorization and Penal Code Section 1203.097(a)(7)(B)**

---

**Authorized Signature** Luke Schnekenburger

**Mailed** ☐    **Pick Up** ☐    **Date** 12/21/2023    **By** ls

**Emailed** ☑

320 N. FLOWER STREET, SANTA ANA, CA 92703

Integrity without compromise | Service above self | Professionalism in the performance of duty | Vigilance in safeguarding our community

REC 4 (Rev. 04/22/22)

**Case No.** 23-035207

☑   **Investigatory Record**

The Sheriff declines to disclose to you the record(s) responsive to your request because the record(s) is exempt from public disclosure under the Public Records Act.   The record(s) itself is a law enforcement investigatory record(s) that is categorically exempt from disclosure pursuant to Government Code section 7923.600.

**Other:**

**Additional Notes:**

*Please note the sections of the Government Code cited above reflect the Public Records Act recodification, effective January 1, 2023.*

*The decision to deny your request or make redactions on portions of the released records was made by:*

**Name and Title**      Luke Schnekenburger                                                    **Phone**      714-834-5721

C. NOTICE OF ATTEMPT TO RESOLVE GRIEVANCE PRIOR TO FILING

COMPLAINT AND AUTHORITIES ................................................................ 4 pages

# EXHIBIT C

WILLIAM HENRY PALMA, Jr.
21802 Calabaza
Mission Viejo, CA 92691
Telephone: (714) 751-7111
In Propria Persona

# Superior Court of California
# County of Orange

WILLIAM HENRY PALMA Jr.,

                Defendant,

v.

City Of Mission Viejo,      Plaintiff.

Case No. 00000000

*Complaint filed: Not Filed*

ASSIGNED FOR ALL PURPOSES TO:
DEPARTMENT:

**NOTICE OF ATTEMPT TO RESOLVE GRIEVANCE PRIOR TO FILING COMPLAINT AND AUTHORITIES**

DATE: 00/00/0000
TIME: 00:00
DEPARTMENT:

**PLEASE TAKE NOTICE** this is an attempt by WILLIAM HENRY PALMA Jr., to resolve grievance with the City of MISSION VIEJO for OCSD failing to investigate hate crimes and others. For patterns of racism, for coercive statements implying arrest and for applying the statute with prejudice on different people. Currently two neighbors are in small claims cases due to this failure of deescalation. That's just a small portion of the actions leading to emotional distress caused by what is described to the the City's Clerk Kimberly Schmitt (bar No.#203600) & Plaintiff, as a "squabble", in an email from William Patrick Curley III (#125816). He then infers to the City's

1

NOTICE OF ATTEMPT TO RESOLVE GRIEVANCE PRIOR TO FILING COMPLAINT AND AUTHORITIES



William Henry Palma

D. Defendant Attorney WILLIAM P. CURLEY III reply to Complaint ................................... 2 page

# EXHIBIT D

**From: wcurley** wcurley@harperburns.com
**Subject:** RE: Called
**Date:** March 27, 2023 at 9:15 AM
**To:** Kimberly Schmitt KSchmitt@cityofmissionviejo.org,  William Palma  henrycode@icloud.com

Good morning Mr.Palma:
My name is Bill Curley and I serve as the City Attorney for the City of Mission Viejo
I note you've aggressively asserted that you are planning to sue the City. You can certainly do as you will but I don't see any substantive facts demonstrating any liability for the City. It appears you and some neighborhood children have a squabble of some sort. While unfortunate, that imposes no liability on the City of Mission Viejo or the OCSD. Please be advised that should you file suit, all defenses and cross complaints will be utilized, when and as proper, to protect the Citys taxpayers and residents.
If you proceed to the service of a complaint, the City Clerks office is the proper recipient of your papers.
Sincerely,
Bill Curley


Sent via the Samsung Galaxy S10+, an AT&T 5G Evolution capable smartphone


-------- Original message --------
From: Kimberly Schmitt <KSchmitt@cityofmissionviejo.org>
Date: 3/27/23 8:39 AM (GMT-08:00)
To: William Palma <henrycode@icloud.com>
Cc: Bill Curley <wcurley@harperburns.com>
Subject: RE: Called

Good Morning Mr. Palma

I have copied our City Attorney Bill Curley regarding your questions on litigation against the City.

City Council Meetings are held monthly on the second and fourth Tuesdays at 6:00 pm. You may address the City Council under Public Comments for three minutes.  If you have handouts, please provide six copies when you attend a meeting.

Here is the link to the current agenda: https://dms.cityofmissionviejo.org/OnBaseAgendaOnline/Meetings/ViewMeeting?id=8309&doctype=1

Thank you.


Kimberly Schmitt
City Clerk
City of Mission Viejo
200 Civic Center | Mission Viejo, California 92691

-----Original Message-----
From: William Palma <henrycode@icloud.com>
Sent: Saturday, March 25, 2023 11:11 AM
To: CityClerk <cityclerk@cityofmissionviejo.org>
Subject: Called

   CAUTION: This Email is from an EXTERNAL source. Ensure you trust this sender before clicking on any links or attachments.

Second attempt to be put on meetings to discuss racism and negligence by the City of Mission Viejo.

Hi, I'm suing the City of Mission Viejo left a quick message. I've already filed on my neighbors and would like to send you an attempt to resolve prior to filing.
I have a contact from 2years ago but want to verify the person and their email.
The following is requested:


1. Grievances process of one is available, if not a complaint copy will be emailed or served.
2. The person who is in chat of litigation and your Agent for process of service.
3. Board and City Council meeting:
I would like to appear and post pictures or Racist neighbors and some of people needing to be identified. Specifically these are kids on video making racist or derogatory remarks. Hate Crimes cannot be ignored in CA.
As stated I already began filing against two neighbors and a third is being filed. Then it's OCSD & MISSION VIEJO . Thank you. I'd like to speak on racism and more in the next meetings. I will subpoena the neighborhood around Crucero, and wish to highlight bad actors at your meetings.

Please FWD to PMK…
714-751-7111
William Henry Palma Jr.

Case 8:24-cv-02116-JGB-SP   Document 1   Filed 09/27/24   Page 30 of 63   Page ID #:30

E. NOTICE OF RECORDS REQUEST AND RECORDS REQUEST ..................................... 4 page

# EXHIBIT E

WILLIAM HENRY PALMA, Jr.
21802 Calabaza
Mission Viejo, CA 92691
Telephone: (714) 751-7111
In Propria Persona

# Superior Court of California
# County of Orange

WILLIAM HENRY PALMA Jr.,

               Defendant,

  v.

City Of Mission Viejo,

               Plaintiff.

Case No. 00000000

*Complaint filed: Not Filed*

ASSIGNED FOR ALL PURPOSES TO:
DEPARTMENT:

**NOTICE OF RECORDS REQUEST AND RECORDS REQUEST**

DATE: 00/00/0000
TIME: 00:00
DEPARTMENT:

**PLEASE TAKE NOTICE** this is an attempt by WILLIAM HENRY PALMA Jr.,  to collect records from the City of MISSION VIEJO. On May 9, 2023 at about 4:45 p.m. the resident WILLIAM HENRY PALMA Jr., attended the City Council Meeting to discuss the grievance letter previously emailed to City's Clerk Kimberly Schmitt (bar No.#203600) & attorney William Patrick Curley III (#125816). He approached the Clerk, he stated he wanted to file 6 copies of documents for the Council. This was WILLIAM HENRY PALMA Jr.'s, first time there. He was asking questions on procedures. After asking the Clerk if his documents would become public records,

1

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

which she confirmed, he asked if this would apply to videos if he filed a video for the City Council members to see. Keep in mind the Clerk is serving her lawful duties by answering procedural questions. William Patrick Curley III (#125816) came over and started yelling, at an extremely high volume. He was on a riser standing feet over the soon to be Plaintiff. He was moving his hands, maybe making gun gestures to others watching from a far. This exaggeration is on purpose to show how things would be different if I was doing what he did to me. Not one person besides attorney William Patrick Curley III, acted so unprofessional at the City Hall, nor do I believe others are allowed to do such extreme yelling without admonishments. This man's a coward, he pushes his weight around, hides behind his bar. Note this and all other documents will be sent to the California State Bar. At one point attorney William Patrick Curley III, stated he knew I was involved in a case against the City of Mission Viejo and advised the Clerk to not answer any questions. He Stated they could not give legal advise due to the case. Note that this statement confirms that he knew that WILLAM HENRY PALMA JR., was a *pro se*, yet acted in prejudice and intimidated a party involved in litigation. Though not filed, the grievance letter was Notice that this was a Judicial matter. It was written in a pleading format in accordance to the California Rules of Court. *See* Rules of Prof. Conduct rule 3.10 & 3.4; Victim of the crime and a witness. *See* Pen. Code § 136.1.

WILLAM HENRY PALMA JR., never asked anyone for any legal advice the recordings shall prove this, so this is not a point that will be argued. The questions were procedural. Furthermore the interaction was not at a heightened state until William Patrick Curley III interrupted, nor had the Clerk expressed any discontent, nor did she ask for any alteration in communication. Clerk, Kimberly Schmitt (bar No.#203600), is a full grown woman and can defend herself, she's barred. She's a scholar. She didn't feel abrasive until after he screams in her ear, perhaps damaging her Tympanic nerves. Belittling a professional woman. Why would he yell like that? With her and others in such close proximity. After that she started shaking and answered a couple more questions but didn't want to interact any further. She seemed to have lost her train of thought. Attorney William Patrick Curley III the hot head, applies further intimidation and calls the OCSD. After the interaction he adds more coercion asking that they keep an eye on me (paraphrased). Why should I have to talk to OCSD? I'm asking for procedural questions a service available to the public. To the City Council, this hot head made an email statement about a "squabble" with kids, the reality is that this is about years of prejudice, recurrences of harassment and hate speech.

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

2

The questioned posed was whether a video could be submitted to Council members and if it would also be considered a public record. She said she was unsure. Thinking she was the Clerk and should know, I rephrased the question, in case she felt I was asking something that could be considered a legality. I asked if others had filed videos in the past, she said she did not recall. Then changed her answer to a while ago (paraphrased). I'm there for business, submitting paper documents to the council. Preparing to talk. It's my first time there, I'm nervous, I thought it would be a big crowd. Tiny crowd. It's logical for a person to ask questions to understand the process before speaking. I also had a long day in court, and had been writing all night for court. If others are allowed to ask similar questions, this is a prejudice toward WILLAM HENRY PALMA JR. The denial of service and the use of the OCSD to intimidate and break communication and services with the Clerk was unnecessary, this intimidation and impedance or progress is a TOM BANE ACT VIOLATION. *See* Civ. Code § 52.1.

WILLAM HENRY PALMA JR., wasn't done with his inquiries. Instead he had to answer questions from the OCSD, not once, but twice, the first deputy was heightened and more aggressive, felt intimidating. OCSD recorded. He was heightened because the man-boy William Patrick Curley III cried wolf, there was no need to call them into the room. This puts me in danger, of arrest or physical harm, according to government statistics. All he had to do was to allow the Clerk to do her job. If you can submit videos to the council, or can't is a binary question. Either it is true that you can submit videos or it is false. That's an absolute. Instead the hot head uses the OCSD like pawns to coerce and intimidate a person he himself has stated, is in litigation with the City. *See* 42 U.S. Code § 1983 [Civil Actions for Deprivation of rights].

Betting is illegal but I would wager that William Patrick Curley III has expressed extreme tantrums and yelling of such nature. In a government environment any other person that works for the City would not be allowed to yell like that, I bet few do. Clerk Kimberly Schmitt, was fine, she does not need a "man" there was no others waiting in line, thus one or two more minutes to ask some questions relevant to procedures, would've been ok. OCSD need not get involved. I shouldn't have to answer or make them feel comfortable, though unlike William Patrick Curley III, the second Deputy had civil dialogue. He informed me of other points that he thought I should know regarding the meeting, and me speaking. The other officer was more respectful too. He is only performing his duties and was triggered by William Patrick Curley III.

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

3

Regardless, there is no reason for me to make people feel comfortable by answering questions from two officers or reason to be negated the use of public services, while never getting my answer about video submission. Then interrupting my communication with the Clerk who's providing service. *See* Id; Civ. Code § 52.1. Fine $25,000. *See* 42 U.S. Code § 1983 [Civil Actions for Deprivation of rights].

This NOTICE OF RECORDS REQUEST AND RECORDS REQUEST will be emailed to multiple Government agencies. I WILLAM HENRY PALMA JR., would like to request all security video, all video from others on personal or City devices, all notes or documents related to this matter. This notice will also be made public at the next City Council meeting. The California State Bar should notify William Patrick Curley III, that his Law Degree and the fact that he's barred in California does not grant him immunity. Nor is the City immune. This notice will be sent to agencies for the Tom Bane Act Violation. Please notify me of the best method to obtain these records? Civil case can wait since William Patrick Curley III reset the clock to file in Superior Court and added another action. Federal cases regarding civil rights have a shorter window to file. Please notify me how to obtain the aforementioned records.

**1.** ALL Video from security, All video from other City devices, such as phones, computers, tablets, etc. ALL private videos from staff on any of the aforementioned devices. Note the area of the incident is the auditorium where the council meeting takes place, at the far right if your facing the Council and speaking. From approximately 4:40-5:10 p.m. May 9, 2023.

**2.** Names of Witnesses, there was an individual with glasses and another lady in proximity besides the aforementioned actors.

**3.** Name and Badges of the Deputies that interacted with WILLAM HENRY PALMA JR., and their video & notes.

It is the right of a U.S. Citizen or Noncitizen to ask the Clerk questions. It's that simple.

*Dated: May 7 ,2023*                                          *Respectfully Submitted,*

                                                             *By:* William Henry Palma

                                                             WILLIAM HENRY PALMA

                                                             *In Propria Persona*

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

4

F. RECORDS REQUEST IN FORM ...................................................................................... 6 page

# EXHIBIT F

# City of Mission Viejo
# Public Records Request

Number:

Requestor Name: WILLIAM HENRY PALMA Jr.          Date: 05/10/2023

Organization: _____

Address: 21802 Calabaza _____

City: Mission Viejo _____   State: CA _____   Zip: 92691 _____

E-Mail Address: henrycode@icloud.com _____   Phone: 714-751-7111 _____

---

**DESCRIPTION OF RECORDS REQUESTED:**  Please be as specific as possible.

1.  ALL Video from security, All video from other City devices, such as phones, computers, tablets, etc. ALL private videos from staff on any of the aforementioned devices. Note the area of the incident is the auditorium where the council meeting takes place, at the far right if your facing the Council and speaking. From approximately 4:40-5:10 p.m. May 9, 2023.

I wish to:     ☐ Review original documents          ☒ Obtain copies (a copy fee may apply)

---

The California Public Records Act (Government Code Section 6250 et seq.) provides citizens with important rights to obtain access to records held by public agencies, and the City of Mission Viejo responds to requests in accordance with these terms.  This request form may be mailed, emailed, or submitted in person at City Hall.  More information and an online version of this form are available through the City Clerk page at www.cityofmissionviejo.org.

*Office Hours 8:00 a.m. to 5:00 p.m.*
*200 Civic Center, Mission Viejo, CA 92691 · (949) 470-3052 · cityclerk@cityofmissionviejo.org*

AD-013

**DESCRIPTION OF RECORDS REQUESTED** (continued, if necessary)

2.  Names of Witnesses, there was an individual with glasses and another lady in proximity besides the aforementioned actors.

3.  Name and Badges of the Deputies that interacted with WILLAM HENRY PALMA JR., and their video & notes.

It is the right of a U.S. Citizen or Noncitizen to ask the Clerk questions. It's that simple. *SEE 4 ATTACHED PAGES*

---

**FOR INTERNAL USE ONLY**

|  | Approval | Denial | Reason, if Denied: |
|---|---|---|---|
| City Manager: | _____ | _____ | _____ |
| City Attorney: | _____ | _____ | _____ |
| City Clerk: | _____ | _____ | _____ |

Document/response provided on (date) _____ by:

☐ Mail   ☐ Counter   ☐ E-mail   ☐ Fax   ☐ Phone   ☐ Other _____

Comments:

Staff Member(s): _____   Staff Time: _____

*Office Hours 8:00 a.m. to 5:00 p.m.*
*200 Civic Center, Mission Viejo, CA 92691 · (949) 470-3052 · cityclerk@cityofmissionviejo.org*

AD-013

WILLIAM HENRY PALMA, Jr.
21802 Calabaza
Mission Viejo, CA 92691
Telephone: (714) 751-7111
In Propria Persona

## Superior Court of California
## County of Orange

WILLIAM HENRY PALMA Jr.,

                    Defendant,

v.

City Of Mission Viejo,

                    Plaintiff.

Case No. 00000000

*Complaint filed: Not Filed*

ASSIGNED FOR ALL PURPOSES TO:
DEPARTMENT:

**NOTICE OF RECORDS REQUEST AND RECORDS REQUEST**

DATE: 00/00/0000
TIME: 00:00
DEPARTMENT:

**PLEASE TAKE NOTICE** this is an attempt by WILLIAM HENRY PALMA Jr.,  to collect records from the City of MISSION VIEJO. On May 9, 2023 at about 4:45 p.m. the resident WILLIAM HENRY PALMA Jr., attended the City Council Meeting to discuss the grievance letter previously emailed to City's Clerk Kimberly Schmitt (bar No.#203600) & attorney William Patrick Curley III (#125816). He approached the Clerk, he stated he wanted to file 6 copies of documents for the Council. This was WILLIAM HENRY PALMA Jr.'s, first time there. He was asking questions on procedures. After asking the Clerk if his documents would become public records,

1

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

which she confirmed, he asked if this would apply to videos if he filed a video for the City Council members to see. Keep in mind the Clerk is serving her lawful duties by answering procedural questions. William Patrick Curley III (#125816) came over and started yelling, at an extremely high volume. He was on a riser standing feet over the soon to be Plaintiff. He was moving his hands, maybe making gun gestures to others watching from a far. This exaggeration is on purpose to show how things would be different if I was doing what he did to me. Not one person besides attorney William Patrick Curley III, acted so unprofessional at the City Hall, nor do I believe others are allowed to do such extreme yelling without admonishments. This man's a coward, he pushes his weight around, hides behind his bar. Note this and all other documents will be sent to the California State Bar. At one point attorney William Patrick Curley III, stated he knew I was involved in a case against the City of Mission Viejo and advised the Clerk to not answer any questions. He Stated they could not give legal advise due to the case. Note that this statement confirms that he knew that WILLAM HENRY PALMA JR., was a *pro se*, yet acted in prejudice and intimidated a party involved in litigation. Though not filed, the grievance letter was Notice that this was a Judicial matter. It was written in a pleading format in accordance to the California Rules of Court. *See* Rules of Prof. Conduct rule 3.10 & 3.4; Victim of the crime and a witness. *See* Pen. Code § 136.1.

WILLAM HENRY PALMA JR., never asked anyone for any legal advice the recordings shall prove this, so this is not a point that will be argued. The questions were procedural. Furthermore the interaction was not at a heightened state until William Patrick Curley III interrupted, nor had the Clerk expressed any discontent, nor did she ask for any alteration in communication. Clerk, Kimberly Schmitt (bar No.#203600), is a full grown woman and can defend herself, she's barred. She's a scholar. She didn't feel abrasive until after he screams in her ear, perhaps damaging her Tympanic nerves. Belittling a professional woman. Why would he yell like that? With her and others in such close proximity. After that she started shaking and answered a couple more questions but didn't want to interact any further. She seemed to have lost her train of thought. Attorney William Patrick Curley III the hot head, applies further intimidation and calls the OCSD. After the interaction he adds more coercion asking that they keep an eye on me (paraphrased). Why should I have to talk to OCSD? I'm asking for procedural questions a service available to the public. To the City Council, this hot head made an email statement about a "squabble" with kids, the reality is that this is about years of prejudice, recurrences of harassment and hate speech.

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

2

The questioned posed was whether a video could be submitted to Council members and if it would also be considered a public record. She said she was unsure. Thinking she was the Clerk and should know, I rephrased the question, in case she felt I was asking something that could be considered a legality. I asked if others had filed videos in the past, she said she did not recall. Then changed her answer to a while ago (paraphrased). I'm there for business, submitting paper documents to the council. Preparing to talk. It's my first time there, I'm nervous, I thought it would be a big crowd. Tiny crowd. It's logical for a person to ask questions to understand the process before speaking. I also had a long day in court, and had been writing all night for court. If others are allowed to ask similar questions, this is a prejudice toward WILLAM HENRY PALMA JR. The denial of service and the use of the OCSD to intimidate and break communication and services with the Clerk was unnecessary, this intimidation and impedance or progress is a TOM BANE ACT VIOLATION. *See* Civ. Code § 52.1.

WILLAM HENRY PALMA JR., wasn't done with his inquiries. Instead he had to answer questions from the OCSD, not once, but twice, the first deputy was heightened and more aggressive, felt intimidating. OCSD recorded. He was heightened because the man-boy William Patrick Curley III cried wolf, there was no need to call them into the room. This puts me in danger, of arrest or physical harm, according to government statistics. All he had to do was to allow the Clerk to do her job. If you can submit videos to the council, or can't is a binary question. Either it is true that you can submit videos or it is false. That's an absolute. Instead the hot head uses the OCSD like pawns to coerce and intimidate a person he himself has stated, is in litigation with the City. *See* 42 U.S. Code § 1983 [Civil Actions for Deprivation of rights].

Betting is illegal but I would wager that William Patrick Curley III has expressed extreme tantrums and yelling of such nature. In a government environment any other person that works for the City would not be allowed to yell like that, I bet few do. Clerk Kimberly Schmitt, was fine, she does not need a "man" there was no others waiting in line, thus one or two more minutes to ask some questions relevant to procedures, would've been ok. OCSD need not get involved. I shouldn't have to answer or make them feel comfortable, though unlike William Patrick Curley III, the second Deputy had civil dialogue. He informed me of other points that he thought I should know regarding the meeting, and me speaking. The other officer was more respectful too. He is only performing his duties and was triggered by William Patrick Curley III.

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

3

Regardless, there is no reason for me to make people feel comfortable by answering questions from two officers or reason to be negated the use of public services, while never getting my answer about video submission. Then interrupting my communication with the Clerk who's providing service. *See* Id; Civ. Code § 52.1. Fine $25,000. *See* 42 U.S. Code § 1983 [Civil Actions for Deprivation of rights].

This NOTICE OF RECORDS REQUEST AND RECORDS REQUEST will be emailed to multiple Government agencies. I WILLAM HENRY PALMA JR., would like to request all security video, all video from others on personal or City devices, all notes or documents related to this matter. This notice will also be made public at the next City Council meeting. The California State Bar should notify William Patrick Curley III, that his Law Degree and the fact that he's barred in California does not grant him immunity. Nor is the City immune. This notice will be sent to agencies for the Tom Bane Act Violation. Please notify me of the best method to obtain these records? Civil case can wait since William Patrick Curley III reset the clock to file in Superior Court and added another action. Federal cases regarding civil rights have a shorter window to file. Please notify me how to obtain the aforementioned records.

1. ALL Video from security, All video from other City devices, such as phones, computers, tablets, etc. ALL private videos from staff on any of the aforementioned devices. Note the area of the incident is the auditorium where the council meeting takes place, at the far right if your facing the Council and speaking. From approximately 4:40-5:10 p.m. May 9, 2023.

2. Names of Witnesses, there was an individual with glasses and another lady in proximity besides the aforementioned actors.

3. Name and Badges of the Deputies that interacted with WILLAM HENRY PALMA JR., and their video & notes.

It is the right of a U.S. Citizen or Noncitizen to ask the Clerk questions. It's that simple.

Dated: May 7 ,2023

Respectfully Submitted,

By: _____

WILLIAM HENRY PALMA

*In Propria Persona*

NOTICE OF RECORDS REQUEST AND RECORDS REQUEST

4

G. OCSD RECORDS REQUEST ................................................................................. 1 page

# EXHIBIT G

**From:** **Report Request** ReportRequest@ocsheriff.gov
**Subject:** RE: [EXTERNAL] Report and things
**Date:** September 25, 2023 at 11:18 AM
**To:** William Palma henrycode@icloud.com

Hello,

The report you requested has not yet been submitted to the Records Division for processing.  Please contact the Records Unit at (714) 834-6456 to determine if the report is available to request.

Thank you,

Michele
Orange County Sheriff's Department
Records Division
(714) 834-6465

-----Original Message-----
From: William Palma <henrycode@icloud.com>
Sent: Saturday, September 23, 2023 4:03 PM
To: Report Request <ReportRequest@ocsheriff.gov>; Prarequests <Prarequests@ocsheriff.gov>; Prarequests <Prarequests@ocsheriff.gov>; KSchmitt@cityofmissionviejo.org; cityclerk@cityofmissionviejo.org; wcurley@harperburns.com; animalinfo@cityofmissionviejo.org; cathal.conneely@jud.ca.gov; Messages@jud.ca.gov; internal.affairs@usdoj.gov; AttorneyRegulation@calbar.ca.gov; BARCOMM@calbar.ca.gov; chris.belloli@jud.ca.gov; rruesch@cityofmissionviejo.org; chris.belloli@jud.ca.gov; Magtoto, Clarisse [DA] <clarisse.magtoto@da.ocgov.com>; civilandsmallclaims@jud.ca.gov; Charlene.Drummer@cjp.ca.gov; cfcc@jud.ca.gov; coja@jud.ca.gov; citymanager@cityofmissionviejo.org; ciu@da.ocgov.com; Ed.Williams@calbar.ca.gov; Emma.Bradford@cjp.ca.gov; elisa.kim@da.ocgov.com; esachs@cityofmissionviejo.org; Subpoena Unit for Records <SubpoenaUnit@ocsheriff.gov>; FOIA@usccr.gov; filings@cjp.ca.gov; firearms.bureau@doj.ca.gov; usms.foia@usdoj.gov; usms_foia@usdoj.gov; graths@cityofmissionviejo.org; cathal.conneely@jud.ca.gov; Kelly.Gerner@calbar.ca.gov; internal.affairs@usdoj.gov; itd@cityofmissionviejo.org; invitations@jud.ca.gov; Messages@jud.ca.gov; kkalaitzidis@occourts.org; Keeperofrecords@doj.ca.gov; tkelley@cityofmissionviejo.org; Boyd, Lauren [DA] <lauren.boyd@da.ocgov.com>; lucas.cendejas@jud.ca.gov; lucas.cendejas@jud.ca.gov; Messages@jud.ca.gov; maddison.boyer@da.ocgov.com; nocsubpoena2@cox.com; media@da.ocgov.com; National.FOIAPortal@usdoj.gov; n1scott@occourts.org; openjustice@doj.ca.gov; OAAdmin <OAAdmin@ocsheriff.gov>; octcdonotreply@calbar.ca.gov; BARCOMM@calbar.ca.gov; usms.foia@usdoj.gov; PAJAR@jud.ca.gov; pubinfo@jud.ca.gov; pubinfo@jud.ca.gov; police@cityofmissionviejo.org; rruesch@cityofmissionviejo.org; rschick@cityofmissionviejo.org; rwinter@cityofmissionviejo.org; rwinter@cityofmissionviejo.org; AttorneyRegulation@calbar.ca.gov; subpoenaresp@cox.com; SubpoenaResponse@cox.com; security@state.ca.gov; ACPSupport@usac.org; todd.spitzer@ocdapa.org; TCPJAC_CEAC@jud.ca.gov; Magtoto, Clarisse [DA] <clarisse.magtoto@da.ocgov.com>; Boyd, Lauren [DA] <lauren.boyd@da.ocgov.com>; todd.spitzer@ocdapa.org; maddison.boyer@da.ocgov.com; Magtoto, Clarisse [DA] <clarisse.magtoto@da.ocgov.com>; Shaaban, Alex [DA] <alex.shaaban@da.ocgov.com>; Zamora, Adam [DA] <adam.zamora@da.ocgov.com>; Krone, Taylor [DA] <taylor.krone@da.ocgov.com>; elisa.kim@da.ocgov.com; Boyd, Lauren [DA] <lauren.boyd@da.ocgov.com>; Gold, Cheryl [DA] <cheryl.gold@da.ocgov.com>; usms.foia@usdoj.gov; USACAN.CivilRights@usdoj.gov; US.Marshals@usdoj.gov; USMS.HQStaffing@usdoj.gov; victor.cumberland@da.ocgov.com; wbucknum@cityofmissionviejo.org; Jeanean.West@csosa.gov; victor.cumberland@da.ocgov.com
Subject: [EXTERNAL] Report and things

I'd like all Videos, all notes and things , pertaining to this arrest.
I'd like all 911 calls from me and others and their information for further lawsuits.
Case No. 23-0352207 : Booking No 3294084 Court date 10-19-23 ——————

There's also an incident report taken by Deputy Walker.
I need that report and all cam footage from all officers that showed at my house. Yesterday 22nd September 22nd, 2023. 21802 Calabaza and the Constant denial of a supervisor. They sent 5 guys but the supervisor is buy? Send the Supervisor and let the 5-6 others work .
———
This is what happens when you're writing legal documents nonstop. Exposing many broken areas in our Judicial System and the OCSD. Everyone is gunning for me. Why because I protest mass shooters? I exposed Saddle Back College and their broken system.

May God protect me because I'm not violent I use Free Speech as my weapon. I was yelling "All Glory To God, God is great " "Devil we rebuke you in the name of Jesus. " I was doing this at Crucero Park. Two individuals came and tried to Jump me. Officer Hansen came directly after me, feeling it was an opportunity.
I was arrested, without being allowed to show the video on my phone that proved that they rushed me and swung and kicked . I was on the phone with 911. I called Twice. Even though I called Hansen (White) and seemed racist (opinion). I was totally non resistant. 100%. He tried to break my wrist. He tried as best he could. Coward. He never searched or had the same reaction to the other two people who were the attackers.
1. I never addressed or directed absolutely no speech directly at them.

2. I was about 50 yards away, they approached and tried to make me leave the park . Then got violent. Two 25-30 year old men against me vs one man 50.

All Glory to God God is great! Jesus Christ is the light !

My next movement is to increase all violent crimes in the USA . Sentences need to increase for the safety of nonviolent people. Remember I'm going live again on all major platforms. The abuse of smaller people (not me), older people (me) is increasing. This is fighting, stabbings, and shootings. I feel bad for people who loose time incarcerated or get hurt inside when Incarcerated. Regardless Free Speech is meant to release stress to avoid fights and shootings.

I'll be speaking at the Council meeting.
Attached is the video.

In the short video you can see the distance was huge between me and them. I stop recording because he was approaching and i turned off the video to call police. I called 911 twice. During the call is when they jumped me. I defended myself.

Then the second video is after I get my phone out and police said they were on the way.  So I follow them so they don't leave or to get their plates an Audi.

If Officer Hansen simply treated me equally, and was patient. He could have seen the video. He did not need to cuff me immediately and twist my wrist. He's a racist in my opinion, and took the opportunity to arrest me. Supervisor also failed. Badges and pictures and story will be flooded on all platforms. I'm not intimidated by anyone but this puts me in danger for further retaliation and I will require protection like a restraining order.

- — —— —-
— —— —-
I told Hansen I forgive him but legal ramifications will be necessary to avoid someone else, hurt by his non deescalation approach. This man's ego blinds him. No Officer should expect respect or have ego. If a person like me salutes you good, if not there should never be ego. Take off the G-Joe costume and demagnetize when you get home. Unfortunately too many walks of line. Supervisor Ada, at the Costa Mesa Court is a good example. Officer Joyce and Gonzalez from Harbor Justice Center are also good examples. Officer Mendoza , Godinez, And Boothe all were saluted! They treated my like a King in Jail. They spoke and even engaged in small talk. ( I'm writing a review on the Jail next, some problems like no phone in a cell and knowing it doesn't work is a violation of rights. Officer Shaw said he will put in an order. Also respectful. I was sober , I don't drink why hold me for almost 24hrs, with drunks and druggies who I also had deep inquiries with because I'm writing for the homeless problem.
——————-
I'm the real deal and you hate it. Or some do. These are my last acts in protection of the US Constitution. I plan to complete all my cases and choose a less violent, less racist country.

———
I'd like all Videos, all notes and things , pertaining to this arrest.
I'd like all 911 calls from me and others and their information for further lawsuits.
Case No. 23-0352207 : Booking No 3294084 Court date 10-19-23 ——————

There's also an incident report taken by Walker.
I need that report and all cam footage from all officers that showed at my house. Yesterday 22nd September 22nd, 2023. 21802 Calabaza and the Constant denial of a supervisor. They sent 5 guys but the supervisor is buy? Send the Supervisor and let the 5-6 others work .
———

I'm still investigating if statute states otherwise but from my recollection I should have been allowed to see a Judge as requested, I was told by Officer Murray that this wasn't possible, essentially coercing me to sign papers.

Officer Murray was respectful. Maybe he got it wrong or right . More work.

"Street Lawyer, AKA Pro Se,
AKA Myango The Utmost"

They want to lock him up to shut him up.

REGARDLESS I STILL SALUTE THE AGENCIES AND SYSTEM. Hope you all protect it and are proud to be in position to do so. Leave your egos at the door, Citizens can have and will have ego. Take your uniform off and let it go.

Sincerely,
WILLIAM HENRY PALMA
(714) 751-7111
ATTENTION: EXTERNAL EMAIL. USE CAUTION WHEN OPENING ATTACHMENTS OR CLICKING ON LINKS. REPORT SUSPICIOUS MESSAGES TO THE IT HELP DESK.

H. Attorney General Rob Bonta CA DOJ Letter ................................................................... 2 page

# EXHIBIT H

**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

**PUBLIC INQUIRY UNIT**
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
(916) 210-6276
TOLL FREE: (800) 952-5225
TTY: CA Relay Service
(800) 735-2922

October 16, 2023

PIU: 1162971

William Palma
21802 Calabaza
Mission Viejo, CA 92691

Dear William Palma:

Thank you for your correspondence to the Office of the Attorney General.

While we appreciate the time and effort it has taken to contact our office, we are unable to assist you. The role of the Attorney General is to represent the People of California, collectively, in civil and criminal matters before trial courts, appellate courts, and the supreme courts of California and the United States. However, the Attorney General is prohibited by law from representing private individuals or providing legal advice, legal research or legal analysis to private individuals under any circumstances. As a result, the Attorney General cannot represent you in your private litigation or intercede on your behalf.

In regard to your complaint against an attorney, we are unable to assist you, as this matter falls outside of our jurisdiction. As you know, the State Bar has exclusive authority to investigate and prosecute allegations of attorney misconduct. If you wish to pursue this matter, we suggest that you continue to work with the Bar. You may follow up with that agency as follows:

Audit and Review Unit
The State Bar of California
845 South Figueroa Street
Los Angeles, California 90017-2515

In regard to your complaint against a California judge, commissioner, or referee, the following agency is in a much better position to render assistance to you in this matter. If you wish to pursue the matter further, we suggest you contact:

Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, CA 94102
Telephone: (415) 557-1200
Fax: (415) 557-1266
Internet: http://cjp.ca.gov/

In regard to your complaint against an employee of the Orange County Superior Court, we are unable to assist you as our office does not have legal authority over judicial branch employees. Complaints about a Court Executive Officer (CEO), or about a subordinate judicial officer (SJO), such as a commissioner or referee, should be directed to the presiding judge of the court in which the CEO or SJO works. Complaints about court employees should be addressed to the CEO of the court where the employees work. Contact information for all California trial courts is on the California Courts website, located at www.courts.ca.gov under "Courts."

**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

Finally, we suggest that you consult with a private attorney to determine any civil remedies that may be available to you.  An attorney would directly represent your interests and is the one whose advice would be most helpful to you.

Again, thank you for contacting the Office of the Attorney General.

                                        Sincerely,
                                        Public Inquiry Unit

            For                         ROB BONTA
                                        Attorney General

I. United States Department of Justice Civil Rights Division ................................................ 12 page

# EXHIBIT I

Submission complete 10/31/23, 9:08 PM



**United States Department of Justice**
**Civil Rights Division**
civilrights.justice.gov

# Thank you for submitting a report to the Civil Rights Division.

## Report successfully submitted

*Please save your record number for tracking.*

   Your record number is:  **365763-JPH**

---

# What to expect

### ① We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### ② Our specialists determine the next step

We may decide to:
**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

### ③ When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:
We're actively working on an investigation or case related to your report.
We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

# What you can do next

## ① Contact local legal aid organizations or a lawyer if you haven't already

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue.
American Bar Association, visit www.americanbar.org/groups/legal_services/flh-home or call (800) 285-2221
Legal Services Corporation (or Legal Aid Offices), to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid

## ② Get help immediately if you are in danger

If you reported an incident where you or someone else has experienced or is still experiencing physical
harm or violence, or are in immediate danger, please call 911 and contact the police.

# Your submission

## Contact

## Contact information

**Your name**

William Palma

**Email address**

henrycode@icloud.com

**Phone number**

(714) 751-7111

**Address**

21802 Calabaza

-

Mission Viejo, California 92691

## Are you now or have ever been an active duty service member?

No

## Primary concern

### What is your primary reason for contacting the Civil Rights Division?

Mistreated by police, correctional staff, or inmates

## Location

### Did this happen while in custody or incarcerated?

No

### Where did this happen?

**Organization name**
OCSD-James Rober Walker #11285

**Address**
21802 Calabaza

-

Mission Viejo, California

## Personal characteristics

### Do you believe any of these personal characteristics influenced why you were treated this way?

Race/color
Religion
Other reason

## Date

### When did this happen?

9/22/2023

## Personal description

Submission complete                                                                                                    10/31/23, 9:08 PM

## In your own words, describe what happened

As soon as I was able to charge my phone I called the Orange County Sheriff's Department in Mission Viejo. I asked dispatch to speak with a Supervisor to show them video of two men that had jumped (assaulted) me. This was done because I was preaching. An officer called me back by the name of Deputy James Robert Walker #11285. I asked if he was a supervisor. He stated none was available. I told him how long until one was available, he said he was unsure and wanted to come see the video himself and take a report. I told him I preferred a Supervisor with experience. He insisted on helping and showed up at my door. I recorded video of the incident. Two Officers showed up, then another two followed. None were supervisors. I kept asking for one. He asked I show him the footage. I reminded him that one video had been erased. I showed him footage of a man approaching me from far, over 50 yards, cussing me out and telling me to leave the park because he didn't want to hear preaching. I noted to the officer how far he was and that I was only repeating "ALL GLORY TO GOD< GOD IS GREAT< DEVIL I REBUKE YOU IN THE NAME OF JESUS". Nothing pertained to the individual nor did I make contact. A second man joined him, I backed up for another 20-30 yards until I had no choice but to defend myself, they shot some punches and kicks. I was on the phone with 911 twice during the encounter. Filmed what I could. After they jumped me I followed them filming, one made attack gestures acting like he was going o attack again, saying "I'll FUCK YOU UP", insightful and criminal threats apart from assault (on video). I told Deputy James Robert Walker #11285. That if I made such remarks to him I'd be arrested. He said he would draft a report and send it to the OC DA. OCSD records said it was never done. I require restraining orders and OCSD refuses to give me the two men's names. I can't stand violence and plan lawsuits and criminal charges. Deputy James Robert Walker #11285 encouraged violence and hate crimes towards Christians failed to provide equal protection. Even after seeing the video.
https://www.justice.gov/crt/deprivation-rights-under-color-law



**United States Department of Justice**
**Civil Rights Division**
civilrights.justice.gov

# Thank you for submitting a report to the Civil Rights Division.

## Report successfully submitted

*Please save your record number for tracking.*

   Your record number is:  **365761-VFN**

---

# What to expect
—

### ① We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### ② Our specialists determine the next step

We may decide to:
**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

### ③ When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:
We're actively working on an investigation or case related to your report.
We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

# What you can do next

## ① Contact local legal aid organizations or a lawyer if you haven't already

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue.
American Bar Association, visit www.americanbar.org/groups/legal_services/flh-home or call (800) 285-2221
Legal Services Corporation (or Legal Aid Offices), to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid

## ② Get help immediately if you are in danger

If you reported an incident where you or someone else has experienced or is still experiencing physical
harm or violence, or are in immediate danger, please call 911 and contact the police.

# Your submission

## Contact

## Contact information

**Your name**

William Palma

**Email address**

henrycode@icloud.com

**Phone number**

714751-7111

**Address**

21802 Calabaza

-

Mission Viejo, California 92691

## Are you now or have ever been an active duty service member?

No

## Primary concern

## What is your primary reason for contacting the Civil Rights Division?

Mistreated by police, correctional staff, or inmates

# Location

## Did this happen while in custody or incarcerated?

Yes

## What type of prison or correctional facility?

State/local

## Where did this happen?

### Organization name
Orange County Jail

### Address
550 N Flower St
-
Santa Ana, California

# Personal characteristics

## Do you believe any of these personal characteristics influenced why you were treated this way?

Other reason

# Date

## When did this happen?

9/21/2023

Submission complete

# Personal description

## In your own words, describe what happened

I was arrested for preaching at Crucero Park see case 365756-PTK, "Public Nuisance". When held in a Holding Cell for 20 hrs I was told there would be a working phone in the cell. Many other inmates kept trying to make phone calls and were also robbed of their right to make calls to situate their circumstance. The OCSD was aware because when I was leaving after approximately 20 hours. Deputy Shaw told me he would place a fix order for the phone, before I finished asking. Shaw was very respectful and only showed at the end. People should not be held in this cell without service or be escorted to make calls as needed. There was also a decline to take pictures of my wrist that were unnecessarily damaged by the arresting Deputy Ryan James Hansen #10287.
The cell was filthy and with COVID-19 these conditions were a danger to the Public, Inmates and Deputies. I was arrested in workout clothes at a park, had no wallet. On the way out they promise transportation assistance. When I requested it at a window it was declined. I was stranded.
I was sober, 100% completely clean my crime was Preaching. I didn't even have Coffee in my system as I been cutting everything. I never drink (for years). I shouldn't have been held for almost 24hrs with druggies and drunks.



**United States Department of Justice**
**Civil Rights Division**
civilrights.justice.gov

# Thank you for submitting a report to the Civil Rights Division.

## Report successfully submitted

*Please save your record number for tracking.*

    Your record number is: **365756-PTK**

---

# What to expect

### ① We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### ② Our specialists determine the next step

We may decide to:
**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

### ③ When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:
We're actively working on an investigation or case related to your report.
We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

# What you can do next

## ① Contact local legal aid organizations or a lawyer if you haven't already

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue.
American Bar Association, visit www.americanbar.org/groups/legal_services/flh-home or call (800) 285-2221
Legal Services Corporation (or Legal Aid Offices), to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid

## ② Get help immediately if you are in danger

If you reported an incident where you or someone else has experienced or is still experiencing physical
harm or violence, or are in immediate danger, please call 911 and contact the police.

# Your submission

## Contact

### Contact information

### Your name

William Palma

### Email address

henrycode@icloud.com

### Phone number

7147517111

### Address

21802 Calabaza

-

Mission Viejo, California 92691

### Are you now or have ever been an active duty service member?

No

## Primary concern

## What is your primary reason for contacting the Civil Rights Division?

Mistreated by police, correctional staff, or inmates

# Location

## Did this happen while in custody or incarcerated?

No

## Where did this happen?

### Organization name
Crucero Park

### Address
27672 Crucero

-

Mission Viejo, California

# Personal characteristics

## Do you believe any of these personal characteristics influenced why you were treated this way?

Race/color
Religion
Other reason

# Date

## When did this happen?

9/21/2023

# Personal description

## In your own words, describe what happened

I was Arrested for preaching on 09/21/2023 At Crucero Park. I was preaching "All GLORY TO GOD, GOD IS GREAT, DEVIL WE REBUKE YOU IN THE NAME OF JESUS". Two men who were 50 yards away started rushing me. I called 911 twice as they kept moving forward asking me to leave the public park. I stated it was FREE SPEECH they then started jumping me. I defended myself. Police showed up and arrested me for PUBLIC NUISANCE. The Arresting Officer was Deputy Ryan James Hansen #10287 already involved in other scandals on the news. He wanted to unlock my phone to see evidence but would not allow me to do it, wanted password. Singled me out never searched or investigated others equally. He called me by name when he showed up, showing he singled me out. Though I never met him. Searched me and cuffed me. Deleted a video of him being recorded. Never searched or acted the same towards the two cowards who jumped me for preaching. I follow you on twitter X, you post a lot about hate crimes and violence, this is a violation of speech and freedom of religion. There's also illegal attempts through coercive methods to open my phone. One recording was deleted that was live during the arrest. Others survived. Supervisor also failed to execute his duties, and was also trying to open my phone but would not allow me to do so. I will post to the public as this develops because a lot of times this gets swept under the rug.
The name Deputy Ryan James Hansen #10287, was in an article for taking retaliatory acts on people in cells, by pepper spraying them unnecessarily. Unless there's two officers with the same name in this County this Officer shows a pattern of retaliatory acts. I have several pending Civil cases. The arrest has yet to make Calendar.

J. OCSD notice that no report was put on record by James Robert Walker #11285 .............. 2 pages

# EXHIBIT J

**From:** **William Palma** henrycode@icloud.com
**Subject:** Re: [EXTERNAL] OCDA
**Date:** October 5, 2023 at 2:38 AM
**To:** Prarequests Prarequests@ocsheriff.gov
**Cc:** Report Request ReportRequest@ocsheriff.gov

Deputy Walker said he would make a report send it to the DA. Those were his words. I'd like Walker's full name also and he will get his lawsuit for failing to do his duties. " Willful neglect of duty means the intentional failure of a Public Servant to perform the duties of his office.". I will also  notify the DA. Regardless it will show a prejudice in other cases. Where I will highlight the constant prejudice. Walker on recording states he was going to draft a report and send it to the DA. He did not state there was no visible Crime.  A lot of work for me, but I will slowly deliver my work to the Courts.

Sincerely,
WILLIAM HENRY PALMA
(714) 751-7111

> On Oct 4, 2023, at 2:41 PM, Prarequests <Prarequests@ocsheriff.gov> wrote:
>
> Good afternoon Mr. Palma,
>
> Please note that the call for service (230922-0504) that our deputies responded to on Friday, September 22, 2023, did not result in a criminal or information report. Therefore, the Orange County Sheriff's Department has no additional information or updates to provide in connection with this call.
> Deputy Hansen's full name is Ryan James Hansen #10287 and Captain McDonald's badge ID is 05432.
>
> Respectfully,
>
> Brenda Martin | CPRA Supervisor
> Records Division | Orange County Sheriff's Department
> Tel: (714) 834-6449 | Email: bmartin@ocsheriff.gov
>
> -----Original Message-----
> From: William Palma <henrycode@icloud.com>
> Sent: Wednesday, October 4, 2023 11:15 AM
> To: Report Request <ReportRequest@ocsheriff.gov>; Report Request <ReportRequest@ocsheriff.gov>; Prarequests <Prarequests@ocsheriff.gov>
> Subject: [EXTERNAL] OCDA
>
> Hi, I just received a call from the DA to check in on the report, to see if it has been filed for the videos sent. Officer Walker #11285 incident report #230922-0504. Gentleman on the voicemail from OCDA said if Captain McDonald or Walker does not return call or submit the report for the crime that he will follow up.
> I don't want to keep calling especially when I'm sent to voicemails that aren't set up OR HUNG UP ON.
> I also want Officer Hansen's full name to begin Civil cases both Federal and Civil Superior. I'd like Captain McDonald's badge ID to add to my motions. I will wait 1 day for a response before calling the station again.  There are a lot of agencies following me, I'd like to take care of matters lawfully. Once again, TY for your service. As always I salute but my life has been upside down for 4 years due to racist neighbors.
>
> The State Bar also emailed me today begging the investigation on Commissioner Patrick Dirk Flannery who chose to ignore videos of racism in a small claims case.
>
> Salutes!
>
> Sincerely,
> WILLIAM HENRY PALMA
> (714) 751-7111
> ATTENTION: EXTERNAL EMAIL. USE CAUTION WHEN OPENING ATTACHMENTS OR CLICKING ON LINKS. REPORT SUSPICIOUS MESSAGES TO THE IT HELP DESK.