# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENRY PALMA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MISSION VEIJO, et al.<br><br>    Defendants. | Case No. 8:24-cv-2116-JGB-SP<br><br>**ORDER DENYING MOTION TO REMAND, FINDING COMPLAINT SUBJECT TO DISMISSAL AND GRANTING LEAVE TO AMEND** |

## I.
## INTRODUCTION

On September 27, 2024, plaintiff William Henry Palma, proceeding pro se and in forma pauperis, filed a civil rights Complaint under 42 U.S.C. § 1983. Plaintiff alleges First Amendment, equal protection, and due process violations, as well as multiple state law claims. The Complaint names City of Mission Viejo ("City"), Orange County Sheriff's Department ("OCSD"),[1] Captain Christopher J. McDonald, Deputy Ryan James

---

[1] County of Orange asserts plaintiff erroneously sued OCSD and appears on its behalf. Docket no. 11 at 2. In *Duarte v. City of Stockton*, the Ninth Circuit clarified that a municipal police department and a county sheriff's department may be sued under § 1983. 60 F.4th 566, 573-74 (9th Cir. 2023) (reaffirming *Karim-Panahi v. Los Angeles*

Hansen, James Robert Walker, B. Burka, Luke Schnekenburger, Does 1-10, John Does 1-6, and Jane Doe 1 as defendants.

After plaintiff filed this Complaint, defendant City removed a substantially identical complaint plaintiff filed in state court to this court, thus initiating a separate case in this court. Defendants City and OCSD moved to dismiss the removed complaint. The court administratively closed that case and merged it into this case. Plaintiff then moved to remand the case to state court.

For the reasons stated below, the court denies the motion to remand. The court has screened the Complaint, and after careful review and consideration of the allegations of the Complaint under the relevant standards, the court finds it is subject to dismissal; however, the court grants plaintiff leave to amend. In light of the court's screening and findings, and given the merging of the removed case into this case, the court also denies defendants' motions to dismiss without prejudice as moot.

## II.
## **ALLEGATIONS OF THE COMPLAINT AND PROCEDURAL BACKGROUND**

A.     **Allegations of the Complaint**[2]

On multiple occasions, plaintiff notified City officials about ongoing issues at a public park, including violations of leash laws and nuisance caused by skateboarding activities. City failed to take any actions. Plaintiff was regularly harassed due to his efforts to ensure compliance with local ordinances, including with threats of violence, hate speech, and flat tires. The local authorities ignored the harassment. Plaintiff was "effectively forced out of the park" because of the leash law violations, intimidation by neighbors, and fear of attack.

---

*Police Dep't*, 839 F.2d 621 624 n.2 (9th Cir. 1988), and *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 565-66 (9th Cir. 2001)).

[2]     The factual allegations in the Complaint are disorganized and confusing. To the extent possible, the court summarizes the Complaint's allegations in chronological order.

When plaintiff had disputes with his neighbors, OCSD exhibited discriminatory behavior towards plaintiff, which appeared to be based on race. OCSD deputies selectively enforced the law and frequently attempted to arrest plaintiff, but not the other parties.

Plaintiff filed a small claims case after his girlfriend was assaulted. Instead of addressing the issues, defendants retaliated.

In what appears to be a separate case, the small claims court ruled against plaintiff in a case involving threats and hate speech directed at plaintiff by neighbors.

The day after the small claims court ruling, on or about September 21, 2023 or 2024,[3] plaintiff was preaching in a public park when two individuals (John Doe 1 and John Doe 2) assaulted him in order to silence him. Responding to plaintiff's 911 calls, OCSD failed to act against the aggressors and instead arrested plaintiff on false charges. Jane Doe 1 had classed the police to falsely report plaintiff's lawful preaching as illegal activity.

**B.      Procedural Background**

On September 23, 2024, plaintiff filed a complaint against defendants in Orange County Superior Court, case number 30-2024-01427509-CU-CR-CJC.[4] *See* docket no.9, Ex. 1. On September 27, 2024, plaintiff filed the instant Complaint in this court. Docket no. 1. On November 20, 2024, defendants removed the state court case to this court, initiating case number 8:24-cv-2535-JGB-SP. *See* case no. 8:24-cv-2535, docket no. 1. Defendants then filed motions to dismiss the removed complaint in case number 8:24-cv-2535. *See id.*, docket nos. 9, 11.

---

[3]     The Complaint alleges the arrest occurred on both September 21, 2023 and September 21, 2024. *Compare* Complaint at 1 and 3. All citations to the Complaint refer to the CM/ECF designated page numbers.

[4]     Although plaintiff writes in the caption of the state court complaint that it was filed on September 21, 2024, the electronic filing header indicates the state court complaint was filed on September 23, 2024. *See* docket no. 9, Ex. 1.

1 Because the complaints are functionally identical, the court ordered the Court Clerk to administratively close duplicate case number 8:24-cv-2535 on December 18, 2024. Docket no. 8. The court further directed the Court Clerk to enter onto the docket of this case the complaint and motions to dismiss from docket 8:24-cv-2535. *Id.*; *see* docket nos. 9-11.

On December 21, 2024, plaintiff filed a motion to remand in the closed case number 8:24-cv-2535 docket, which the Court Clerk entered on the docket in this case. Docket no. 14. Plaintiff filed an amended motion to remand on January 22, 2025 ("Am. Remand Mtn."). Docket no. 19.

## III.
## **LEGAL STANDARDS**

The Prison Litigation Reform Act mandates the court to review complaints filed by all persons proceeding in forma pauperis, and by all prisoners seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. U.S.*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, since plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt. *Karim-Panahi*, 839 F.2d at 623. Nonetheless, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to

state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## IV.

## DISCUSSION

### A    Plaintiff's Motion to Remand Is Denied

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A remand may be ordered for lack of subject matter jurisdiction or for a defect in the removal process. *See* 28 U.S.C. § 1447(c). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Further, there is generally a strong presumption in favor of remand. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Under 28 U.S.C. § 1441(a), a civil action brought in state court over which a federal court has original jurisdiction may be removed by a defendant to the district court in the district in which the state court is located. The notice of removal must contain "a short and plain statement of the grounds for removal," and be filed within 30 days of receipt of the initial pleading or service of a summons if the initial pleading is not required to be served. 28 U.S.C. § 1446(a), (b)(1). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted).

Plaintiff initiated this case in federal court. Therefore, there is no removal to challenge here. To the extent that plaintiff is challenging the removal of case number 8:24-cv-2535, that case has been administratively closed because, as the court found, the complaint in case number 8:24-cv-2535 is virtually identical to the instant Complaint.[5]

---

[5] Even if the removal of case number 8:24-cv-2535 could be challenged, plaintiff's arguments are unavailing. Plaintiff essentially raises three arguments. First,

1   Accordingly, plaintiff's motion to remand is denied.

**B.     The Complaint Fails to Comply With Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555; *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). "For there to be liability under § 1983, [] there must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff." *Aaronian v. Fresno Cnty. Jail*, 2010 WL 5232969, at *4 (E.D. Cal. Dec. 16, 2010); *see Hendon v. Witcher*, 308 F. App'x 43, 44 (9th Cir. 2008). Claims must be pled with sufficient specificity that a

---

plaintiff argues the court lacks subject matter jurisdiction because his amendment "effectively eliminates all federal questions," leaving only state law claims. Am. Remand Mtn. at 2-3. The post-removal amendment to remove all federal claims from a complaint deprives the federal court of supplemental jurisdiction over the remaining state claims. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 145 S. Ct. 41 (2025). But plaintiff has not amended his complaint to remove the federal claims. Second, plaintiff contends defendant removed the case in order to improperly interfere with plaintiff's right amend a complaint without leave of court under state law and delay the case, as well as withheld the records required to amend. Am. Remand Mtn. at 3. Defendants had a right to remove the complaint. Moreover, plaintiff could have amended the complaint once as a matter of course no later than 21 days after service of defendants' motions to dismiss, but did not do so. *See* Fed. R. Civ. P. 15(a)(1)(B). Finally, plaintiff asserts federal jurisdiction over the state law claims would undermine his ability to obtain remedies for them. Am. Remand Mtn. at 4. Putting aside the fact plaintiff himself filed nearly identical complaints in federal and state court, "[s]upplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Wisconsin Dep't of. Corrs. v. Schacht*, 524 U.S. 381, 387, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998) (quoting 28 U.S.C. § 1367(a)).

defendant is on notice of the allegations against him so that he can adequately proffer a defense.

A pleading that says too little may violate Rule 8. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Conversely, a pleading that is needlessly long may also violate Rule 8. *Id.* "While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010)). A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Here, the Complaint is a mishmash of non-linear, rambling, and confusing allegations. Although the Complaint identifies seven claims, plaintiff does not identify the underlying facts to support each claim. Further, plaintiff makes virtually no specific allegations regarding any defendant, with allegations regarding any of the named individual defendants most glaringly absent. Instead, plaintiff lumps the defendants together in collective allegations. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (a plaintiff must allege the basis of his claim against each defendant and not lump them together in broad allegations). "Conclusory allegations that an indistinguishable group of defendants essentially engaged in identical misconduct, however, are insufficient to show that plaintiff is entitled to relief from any *individual* defendant." *Williams v. Cnty. of Los Angeles Dep't of Pub. Soc. Servs.*, 2016 WL 8730914, at *5 (C.D. Cal. May 2, 2016). Plaintiff must allege the basis of his claims against each defendant.

"Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179. It should not require a herculean effort for defendants and the court to determine "who is being sued for what." *Id.* "Experience teaches that, unless

7

cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted). Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8.

In any amended complaint, plaintiff must specify: (1) the specific federal law or tort provision allegedly violated; (2) the specific events, dates, and other facts that give rise to, and make out a prima facie case of, that specific claim; and (3) which of the defendants plaintiff targets in that specific claim.

## C. The Complaint Fails to State a Claim Under *Monell*

### 1. City and OCSD

Plaintiff names as defendants City and OCSD. A local government entity may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, City and OCSD may not be held liable for the alleged actions of their officers or other employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *See id.* at 690-91; *accord Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443-44 (9th Cir. 1991) (abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).

In order to establish liability, a plaintiff must prove four elements: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the

municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quotation marks and citation omitted).

As discussed below, plaintiff fails to adequately allege any constitutional violation. Moreover, plaintiff fails to identify a City or OCSD policy that resulted in an alleged constitutional violation. Nor does plaintiff allege facts that would allow the court to draw the reasonable inference that either City or OCSD had a custom or practice that resulted in the alleged constitutional violations. As such, plaintiff has not stated a federal constitutional claim against City or OCSD.

### 2. **Individual Defendants**

Plaintiff names Captain McDonald, Deputy Hansen, Walker, Burka, and Schnekenburger ("individual defendants") as defendants. Plaintiff fails to state whether he is suing the individual defendants in their official or individual capacities, and does not identify what positions Walker, Burka, and Schnekenburger hold and with which entity. To the extent plaintiff is suing any of the individual defendants in their official capacities, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Thus, to the extent plaintiff is suing the individual defendants in their official capacity, the real party in interest here is presumably City or OCSD. And as explained above, plaintiff fails to adequately allege a federal constitutional claim against either of those entities.

Accordingly, plaintiff's federal claims against defendants City and OCSD are subject to dismissal for plaintiff's failure to state *Monell* liability, and to the extent

plaintiff sues the individual defendants in their official capacity, such official capacity claims are duplicative and should be dismissed.

### D. The Complaint Fails to State a Federal Claim

In Claims One, Five, and Six, plaintiff alleges violations of his constitutional rights to free speech, equal protection, and due process. Complaint at 13-14. The Complaint fails to state any federal claim.

#### 1. Claim One – First Amendment

In Claim One, plaintiff alleges defendants violated his right to free speech by arresting him and failing to protect him from harassment and assault when he was engaging in free speech at a public park. *Id*. at 3-4,13. Construing the Complaint liberally, plaintiff appears to allege a First Amendment retaliation claim.

"A plaintiff can bring a First Amendment claim against government officials who retaliate for engaging in protected speech." *Hill v. City of Fountain Valley*, 70 F.4th 507, 518 (9th Cir. 2023) (citing *Nieves v. Bartlett*, 587 U.S. 391, 139 S. Ct. 1715, 204 L. Ed. 2d 1 (2019)). To state a First Amendment retaliation claim, a plaintiff must allege that: (1) he was engaged in a constitutionally protected activity; (2) the defendant's action would deter or chill an ordinary's person from continuing to engage in that protected activity; and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019). When the retaliatory action is an arrest, a plaintiff must plead either the officer lacked probable cause or that it was a circumstance where there was probable cause to arrest, but officers "typically exercise their discretion not to do so." *Powelson v. Sausalito Police Dep't*, 701 F. Supp. 3d 965, 977-78 (N.D. Cal. 2023) (citing *Nieves*, 587 U.S. at 1724-27); *Capp*, 940 F.3d at 1056.

As an initial matter, the allegations of First Amendment violations solely concern the actions of law enforcement. As such, plaintiff fails to state any federal claim against City or any individual defendant who is a City employee.

As for OCSD and the remaining individual defendants, the Complaint adequately alleges plaintiff was exercising his right to free speech by preaching in a public park when assaulted and OCSD arrested him. But plaintiff does not allege that deputies arrested him because of his preaching. *See Nieves*, 587 U.S. at 398-99 (plaintiff must show that the adverse action against him would not have occurred but for the retaliatory motive). Indeed, plaintiff alleges he was arrested for violating Section 415(1) of the California Penal Code for disturbing the peace and fighting. Complaint at 1. Plaintiff also fails to plead the officers lacked probable cause to arrest him. *See Capp*, 940 F.3d at 1056; *Powelson*, 701 F. Supp. 3d at 977. Although plaintiff contends the charges against him were "false," he does not allege any facts to support his conclusory claim.

Accordingly, the First Amendment claim is subject to dismissal.

### 2. **Claim Five – Equal Protection**

In Claim Five, plaintiff alleges defendants violated his right to equal protection "by selective enforcing laws and failing to protect him from racially motivated harassment." Complaint at 14. Plaintiff alleges he was regularly harassed by private individuals because of his efforts to ensure compliance with local ordinances, including leash laws. *Id.* at 4-5. Plaintiff further alleges defendants disregarded the racial harassment by other tenants and when OCSD responded to disputes, it exhibited discriminatory behavior toward plaintiff, in which race appeared to be determining factor. *Id.* at 5.

Under the Equal Protection clause of the Fourteenth Amendment, "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). To state a claim for violation of the Equal Protection Clause, a plaintiff must allege facts showing that the defendant "acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Race and sex are protected classes for the purposes of the Equal Protection Clause. *See Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 707 (9th Cir. 1997).

Plaintiff's allegation of equal protection violations due to the selective enforcement of laws fails to state a claim. Although "[u]neven enforcement can pose an equal protection issue," plaintiff has not alleged facts that allow for a plausible inference of discrimination. *O'Handley v. Weber*, 62 F.4th 1145, 1164 (9th Cir. 2023). With respect to selective enforcement claims, "'a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose.'" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012) (quoting *Rosenbaum v. City & Cnty. of S.F.*, 484 F.3d 1142, 1152 (9th Cir. 2007)). Plaintiff simply alleges defendants failed to enforce some local ordinances against his neighbors and park visitors, and fails to allege any facts showing defendants acted with discriminatory intent.

Similarly, plaintiff's allegation that defendants' failure to protect him from third parties' racially motivated harassment also fails to state an equal protection claim. Plaintiff has not alleged any facts showing, or from which the court could make an inference, that any of the defendants acted with discriminatory intent based on his race. Plaintiff alleges no facts directly or circumstantially showing discriminatory animus by any of the defendants, such as racial remarks. At most, plaintiff alleges in conclusory fashion OCSD exhibited "discriminatory behavior," that "race appears to be determining factor," and he "sincerely believes" that his race affected defendants' actions. Complaint at 5, 14. But vague, conclusory, and speculative allegations are insufficient to state a claim. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).

As such, plaintiff's equal protection claim is subject to dismissal.

### 3. Claim Six – Due Process

In Claim Six, plaintiff alleges he was denied due process because he "was denied his right to appear before a magistrate within the legally mandated timeframe." Complaint at 14.

"[A] federal due process claim can arise where a state law specifies a time by which arraignment must occur, yet a person is held longer than allowed without arraignment." *Donahue v. Antioch Police Dep't*, 2024 WL 4657944, at *11 (N.D. Cal. Nov. 1, 2024) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474-75 (9th Cir. 1992)). California Penal Code § 825(a)(1) requires that a defendant "in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours after his or her arrest, excluding Sundays and holidays." Cal. Penal Code § 825(a)(1).

Here, the Complaint is bereft of factual allegations concerning the arrest and alleged delayed arraignment. Plaintiff simply alleges that he was arrested "[o]n or about September 21, 2024." *See* Complaint at 3-4. But plaintiff does not allege what time he was arrested or when he was arraigned. Indeed, even the date of plaintiff's arrest is unclear since plaintiff also alleges the claims in the Complaint "arise from a series of events in which the Plaintiff's rights were violated on 09/21/2023." The factual allegations are therefore insufficient to state a due process claim.

Further, as with Claim One, Claim Six relates to his arrest and solely concerns the actions of law enforcement. The Complaint therefore fails to state a due process claim against City and any individual City employee defendant.

Accordingly, the federal claims – Claims One, Five, and Six – are subject to dismissal.

E.    **Plaintiff Failed to Comply With the Government Claims Act**

Plaintiff raises four state law claims against defendants: (1) defamation (Claim Two); (2) negligence (Claim Three); (3) duress (Claim Four); and (4) failure to provide records in violation of California Government Code § 6253(c) (Claim Seven). Complaint at 13-14.

"In order to bring suit for damages against a public entity, the California Government Claims Act requires that a plaintiff give notice to the public entity with written claims and that the public entity reject those claims." *Brewster v. City of Los Angeles*, 2020 WL 5991621, at *11 (C.D. Cal. Jul. 14, 2020) (citing Cal. Gov't

13

Code §§ 945.4, 905, 910); *J.J. v. Cnty. of San Diego*, 223 Cal. App. 4th 1214, 1219, 167 Cal. Rptr. 3d 861 (2014). A claim relating to a cause of action for injury to person must be brought within six months after the accrual of the cause of action and a claim relating to any other cause of action shall be presented within one year after the accrual of action. *Wills v. City of Monterey*, 617 F. Supp. 3d 1107, 1126 (N.D. Cal. 2022) (citing Cal. Gov't Code § 911.2(a)). "Timely claims presentation is not merely a procedural requirement, but a condition precedent to the claimant's ability to maintain an action against the public entity." *Stampfli v. Susanville Sanitary Dist.*, 2021 WL 2457379, at *10 (E.D. Cal. Jun. 16, 2021). The failure to timely present a claim bars the plaintiff from bringing suit. *J.J.*, 223 Cal. App. 4th at 1219.

If a plaintiff fails to present a claim within the prescribed deadlines, he or she may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. If the application to file a late claim is denied, within six months of the denial, a plaintiff may petition the superior court for relief from the claims presentation requirement. *N.G. v. Cnty. of San Diego*, 59 Cal. App. 5th 63, 72, 273 Cal. Rptr. 253 (2020) (citing Cal. Gov't Code § 946.6). The court shall grant a timely petition if the plaintiff can show, by a preponderance of the evidence at least one the circumstances set forth in § 946.6. Cal. Gov't Code § 946.6(c). Although the Ninth Circuit has not addressed Cal. Gov't Code § 946.6, the majority of California district courts have found that only California superior courts may grant a § 946.6 petition. *See, e.g., Morrison v. Cnty. of Riverside*, 2024 WL 3015304, at *2 (C.D. Cal. Jun. 13, 2024) ("The bulk of the California District Courts that have faced Section 946.6 petition filings have found that they may not be brought in federal court and that federal courts lacked jurisdiction to consider them."); *Pagan, Jr. v. City of Fullerton*, 2024 WL 5275552, at *1, *3 (C.D. Cal. Apr. 15, 2024) (the plain language of Section 946.6 provides only a superior court can grant a § 946.6 petition); *Manzo v. Cnty. of Santa Clara*, 2020 WL 6940935, at *17 (N.D. Cal. Nov. 25, 2020) (a § 946,6 petition must be filed in state court); *A.B. v. Cnty. of Kern*, 2020 WL 6565900, at *3 (E.D. Cal. Nov. 9, 2020) (listing

cases where district courts determined they lack jurisdiction to grant relief under § 946.6 of the California Government Code).

Plaintiff admits he did not file a claim within the six-month claim filing deadline and does not allege he filed an application for leave to file a late claim. Complaint at 9. Instead, plaintiff argues his failure to comply with the claims presentation requirement should be excused due to extraordinary circumstances and he is entitled to equitable tolling. *See* Complaint at 9-13.

Because plaintiff concedes he did not comply with the California Government Claims Act, the state law claims are subject to dismissal. To the extent plaintiff seeks relief from compliance, this court is without jurisdiction to grant such relief.

### F. Plaintiff Fails to State a State Law Claim

Even if plaintiff were relieved of the requirement to present timely claims, the claims are subject to dismissal for failure to state a claim.

#### 1. Claim Two – Defamation

Claim Two – defamation – appears to concern statements made by the John Doe and Jane Doe defendants. *See* Complaint at 13. The Complaint therefore fails to state a defamation claim against the named defendants.

#### 2. Claim Three -- Negligence

Liberally construing Claim Three, plaintiff appears to allege defendants' failure to enforce local ordinances amounts to negligence. *See* Complaint at 14. To state a negligence claim, a plaintiff must allege: (1) defendant had an obligation "to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty);" (2) a breach of the duty; and (3) that the breach was the proximate or legal cause of the resulting injury. *Downs v. Los Angeles Sheriff's Dep't*, 2023 WL 9660661, at *14 (C.D. Cal. Oct. 16, 2023); *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629, 160 Cal. Rptr. 3d 684, 305 P.3d 252 (2013). Here, plaintiff fails to allege the ordinances at issue or that defendants had a mandatory duty to enforce those ordinances.

Moreover, defendants appear to be immune from liability. Section 818.2 of the California Government Code states "[a] public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." *See also* Cal. Gov't Code § 821 ("A public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment."). It is intended, among other things, "to protect the exercise of discretion by law enforcement officers in carrying out their duties." *Guzman v. Cnty. of Monterey*, 178 Cal. App. 4th 983, 996, 100 Cal. Rptr. 3d 793 (2009).

### 3. **Claim Four – Duress**

In Claim Four, plaintiff alleges the actions of private individuals caused him to leave an area of the park and defendants' failure to intervene contributed to the duress he experienced. Complaint at 14.

California Civil Code § 1569 states: "Duress consists in any of the following: (a) Unlawful confinement of the person of the party, or of the spouse of such party, or of an ancestor, descendant, or adopted child of such party or spouse[;] (b) Unlawful detention of the property of any such person[;] or (c) Confinement of such person, lawful in form, but fraudulently obtained, or fraudulently made unjustly harassing or oppressive." Cal. Civ. Code § 1569. California also recognizes common law economic distress as a basis for rescinding an agreement. *See Green v. AILNH, LLC*, 2019 WL 1883910, at *2 (C.D. Cal. Feb. 14, 2019). Plaintiff fails to allege any facts to state either a statutory or common law duress claim.

### 4. **Claim Seven – Violation of Cal. Gov't Code § 7922.535(a)**

In Claim Seven, plaintiff appears to allege defendants violated California Government Code § 6253(c) when they failed to provide records. Complaint at 14.

On January 1, 2023, the California Public Records Act ("CPRA," Cal. Gov. §§ 6250 et seq.) was recodified. The repealed § 6253(c) is now codified at § 7922.535(a), which states, in relevant part, "[e]ach agency, upon a request for a copy of records, shall, within 10 days from receipt of the request, determine whether the request,

in whole or in part, seeks copies of disclosable public records in the possession of the agency and shall promptly notify the person making the request of the determination and the reasons therefor." Cal. Gov't Code § 7922.535(a).

As an initial matter, district courts disagree as to whether a federal court may exercise supplement jurisdiction over a CPRA claim. *See Prevedello v. Cnty. of Los Angeles*, 2024 WL 113750, at *4 (C.D. Cal. Jan. 8, 2024) (listing cases that disagree as to whether a federal court may exercise supplemental jurisdiction). Section 7923.000 states "[a]ny person may institute a proceeding for injunctive or declarative relief, or for a writ of mandate, *in any court of competent jurisdiction*, to enforce that person's right under this division to inspect or receive a copy of any public record or class of public records," Cal. Gov't Code § 7923.000 (emphasis added). But § 7923.100 states, "[w]henever it is made to appear, by verified petition *to the superior court* of the county where the records or some part thereof are situated, that certain public records are being improperly withheld from a member of the public, the court shall order the officer or other person charged with withholding the records to disclose those records or show cause why that person should not do so." Cal. Gov't Code § 7923.100 (emphasis added). Given the language of § 7923.000, the court is persuaded it properly has jurisdiction.

Here, plaintiff admits that defendants responded to his request and denied it because the records sought were exempt from public disclosure pursuant to § 7923.600 of the Government Code. Complaint at 10, 21-22. Plaintiff fails to allege any facts from which the court may infer that defendants' actions were improper or the records sought were not exempt from public disclosure.

Accordingly, Claims Two, Three, Four, and Seven are subject to dismissal for failure to state a claim.

## V.

## **CONCLUSION**

For the reasons set forth above: (1) the Complaint is subject to dismissal; (2) defendants' motions to dismiss (docket nos. 10, 11) are denied without prejudice as moot;

and (3) plaintiff's motion to remand (docket nos. 14, 19) is denied.  Because the court is unable to determine at this juncture whether amendment would be futile, leave to amend is granted.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED**:

1. Within 30 days of the date of this order, or by **October 20, 2025**, plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  The Clerk of Court is directed to mail plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint.

2. If plaintiff chooses to file a First Amended Complaint, plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form CV-66.  The First Amended Complaint must be complete in and of itself, without reference to the original Complaint, or any other pleading, attachment or document.

3. The court's finding here that the Complaint is subject to dismissal is not dispositive of the claims in the Complaint.  Accordingly, if plaintiff disagrees with the court's determination that the Complaint is subject to dismissal, he may stand on the Complaint as it is.  If plaintiff chooses to stand on the Complaint without further amendment, he should file a notice with the court by **October 20, 2025** stating he wishes to stand on the Complaint without amendment.  But plaintiff should be aware that in such case the court will likely submit a recommendation to the assigned district judge that the Complaint be dismissed without leave to amend, subject to plaintiff's right at that time to file objections to such recommendation with the district judge.

An amended complaint supersedes the preceding complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the court will treat all preceding complaints as nonexistent.  Id.  Because the court grants plaintiff leave to amend as to all claims raised here, any claim that was raised in a preceding complaint is waived if it is

not raised again in the First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action, or portions thereof, be dismissed.**

Dated: September 18, 2025

SHERI PYM
United States Magistrate Judge